EDWIN ALLEN, APPELLANT, *v.* THE VILLAGE OF NORTH-VILLE, RESPONDENT.

*Widening of streets in villages — proceedings, how regulated —* 1870, *chap.* 291, *and* 1884, *chap.* 131.

The proceedings for laying out and widening streets in villages, provided for by title 7 of chapter 291 of 1870, are not governed by the provisions regulating expenditures, contained in title 4 thereof.

The damages awarded to the owner of the land, although exceeding in amount

$500, not are an extraordinary expenditure, requiring a vote of the taxable inhabitants to justify their payment, as is required in the case of extraordinary expenditures by section 4 of title 4 of chapter 291 of 1870, as amended by section 1 of chapter 131 of 1884. (BOCKES, J., dissenting.)

APPEAL from an order made on the 21st November, 1885, vacating an injunction order, *pendente lite*, granted on the 7th day of November, 1885.

The action was brought to restrain the defendant from appropriating the plaintiff's lands for highway purposes, and from assessing and taking the plaintiff's property to pay an award alleged to have been illegally made.

The temporary injunction was vacated and set aside on the ground that the award was properly made and plaintiff's lands legally condemned to public use.

*Lee S. Anibal* and *Andrew J. Nellis*, for the appellant.

*McKnight & Boyce*, for the respondent.

LEARNED, P. J. :

The description of the land in the petition is not as full and clear as it might have been, but we think it is sufficient. One needs some acquaintance with the land described in order to understand any description, and we think that one who is acquainted with the village of Northville would have no difficulty in understanding just what land was intended. As the petition was for the widening of Bridge street, it is evident that the existing line of Bridge street formed one of the sides of the property which was to be added to the street.

A resolution was passed by the trustees July 2, 1885, which describes the improvement in full and thus avoids the defect passed upon in *People ex rel. Johnson* v. *Whitney's Point* (32 Hun, 508). The proper notice was served and posted and the present plaintiff appeared before the trustees. After a hearing they adopted another resolution referring to the former and deciding that the improvement be made. The plaintiff objects that this second resolution does not describe the lands. It is enough that the lands had been described in the former resolution, to which this refers. In the case last cited the lands were not described in any resolution.

We do not consider it necessary to inquire as to the regularity of the mode of summoning and swearing the jury. The plaintiff has

exercised his right of petition to the county judge for the appointment of commissioners, and the commissioners have, after a proper hearing, made an award. That award is all that is of any force now. *Merritt* v. *Portchester* (71 N. Y., 309) does not apply. A point which the plaintiff urges is, that under the statute (Laws 1870, chap. 291, tit. 7, § 5) the damages will not be payable to him for a year and that, therefore, the provisions of the statute for taking land are unconstitutional. We think not under *Chapman* v. *Gates* (54 N. Y., 132). It may perhaps be that the owner of the land can claim that the commissioners, in awarding such damages " as they shall deem just," should take into account this delay of payment. In fact they may have done so.

The plaintiff again urges that the commissioners awarded $650 damages ; that these damages (exceeding $500) cannot be paid except by a vote of the taxable inhabitants. (Title 4 of the act.) We do not think that this is correct. The widening of a street is not a purchase of land, and the decision in *Latham* v. *Richards* (12 Hun, 360) does not apply. The proceeding for laying out and widening streets and the like under title 7 are not governed by title 4. They plainly cannot be. It cannot be told in advance what the damages will be that shall be awarded to the owners of land taken for these purposes. Therefore, section 5 of title 4 is inapplicable. Besides, according to the language of the sections 2, 3 and 4, it is not the *amount*, but the *nature* of the expenditure, which makes it " ordinary." The section does not say that, if in excess of $500, the expenditure is " extraordinary," but only that an " ordinary " expenditure is not to exceed $500. Furthermore, these damages are to be specially assessed on the estates, real and personal, in the village. (Sec. 5, tit. 7.) And in the same section the trustees are required to pay the award. The positive requirement shows that no submission of a resolution to the taxable inhabitants is contemplated. For by the previous section the trustees, on the making of the award, may take possession of the land and make the improvement.

We think that the learned justice properly denied the motion. And, indeed, we might have very well rested our decision upon his able and well-reasoned opinion.

Order affirmed, with ten dollars costs and printing disbursements.

LANDON, J., concurred.

BOCKES, J.:

I concur in the opinion of Mr. Justice LEARNED, except as to the last point or question therein considered.

The expense of widening the street was an " ordinary expenditure " (Laws of 1870, chap. 291, tit. 4, § 2, and tit. 3, § 3, sub. 25), hence was limited to $500 by section 3 of title 4. If, in excess of this sum, the expense was an " extraordinary expenditure " (see § 4 of tit. 4, as amended in 1884, chap. 131), and to be lawfully incurred, required the sanction of an affirmative vote by the taxable inhabitants. (Tit. and sec. last cited.)

The land for the widening of the street, requiring an expenditure of a sum exceeding $500, could not, therefore, be appropriated for that purpose until an affirmative vote for the expenditure was given, as provided by law. Such vote not having been given, the prior proceedings were nugatory, and left the plaintiff's title unaffected. (*Dodge* v. *Village of Catskill*, 66 N. Y., 648.)

Order affirmed, with ten dollars costs and printing disbursements.