THE PEOPLE, *ex rel.* the commissioner of highways of the town of Cohocton, Steuben county, *vs.* DENNIS CONNOR and others.

46  333
60h 231

It is the duty of referees appointed by a county judge upon an appeal from the determination of a commissioner of highways in laying out a highway, to be sworn, before proceeding to hear the appeal; and the parties have a right to presume that they have performed that duty, and can not be charged with notice of their neglect.

The statute having declared, in effect, that until the referees are sworn they are incompetent to do any other act as referees, taking the requisite oath is an act necessary to give them jurisdiction to proceed in the discharge of their duties; and the omission to do so will render all their acts *coram non judice,* and void.

The parties to the proceedings have no right to waive such an irregularity as the omission of the referees to be sworn.

No implied waiver can be intended of an irregularity or omission of which the parties had no notice, or of which they can not-be charged with notice.

CERTIORARI to Alexander Arnold, Nathaniel B. Chase and Simeon Wagner, referees appointed by the county judge of Steuben county, upon an appeal by the defendants to said county judge, from the determination of the relator, as commissioner of highways of the town of Cohocton, made on the 8th day of August, 1864, in laying out a highway in said town, under section 123 of title 1 of chapter 16 of part 1st of the Revised Statutes, (2 *R. S. 5th.ed.* 403,) as amended in 1847. (*Laws of* 1847, *ch.* 455, § 8.)

The certiorari commanded the referees to certify and return the said appeal, with all the papers relating thereto, together with the testimony given thereon and offered to be given on the hearing thereof, with their decision thereon, with all things touching or concerning the same, and whether the referees were sworn or not as such referees, as the statute requires in such cases, by whatsoever names the parties thereto are called, &c.

The referees made a return to the writ of certiorari, in which they set forth the appeal of the defendants to the county judge from the determination of the commissioner in

laying out the road, describing the route of the proposed road particularly, upon the application of Philip Folts, Charles Folts, John Adam Schwingle and others ; and the appointment of the said referees by the county judge, to hear and determine the appeal. They also returned that on the 25th day of November, 1864, and at least eight days before the time of hearing, they caused notice in writing to be served upon the commissioner and upon Charles Folts, one of the said applicants for the said highway, stating their appointment as such referees, and that they would attend at the house of Dennis Conner, in said town of Cohocton, on the 7th day of December, 1864, at 11 o'clock A. M., to hear and decide the appeal. That at the time and place in the said notice mentioned, the referees met, and with the said commissioner and his counsel and the appellants, and proceeded to examine the proposed route of the said highway, and also the route then traveled, and that then and there was pointed out to them, the said referees, by the respective parties, without objection, the persons and property claimed to be benefited and injured by the proposed new highway ; that the conveniences and inconveniences of all the parties affected or interested therein was also pointed out and viewed by the referees at the request of the several parties. The return then proceeds as follows : " And immediately thereafter, with the commissioner and his counsel and the said appellants, we convened at the said house of the said Connor and proceeded to a trial and hearing of the said appeal, *without being first sworn faithfully to hear and determine the matter referred to us,* our attention not having been called to the necessity of such oath, and no objection being made by either party to our proceeding, on account of not having been sworn.

"Upon the said trial and hearing, it was conceded by the respective parties " * * * " that we should take into account and consideration our view and examination of said route, in making our final decision. The counsel for the commissioner then proposed and offered to prove that at cer-

The People *v.* Connor.

tain seasons of the year the highway as then traveled was at times impassable, by means of snow banks and drifts, and that the proposed new route was not subject to snow drifts. This offer and proposition the said appellants conceded and admitted. The appellants then proposed to the commissioner and his counsel to waive any and all proof, and let the referees decide the said appeal upon their view and examination of the said route, and statement as aforesaid. The said commissioner, by his counsel, then stated to us that he was willing the said referees should decide upon their view and examination of the said route *in connection* with the proof which the parties might make. We, the referees, after consultation, said to the respective parties, and decided, that after the view and examination we had made, such proof would not, in our opinion, influence our final decision ; but that the parties were at liberty to introduce such legal proof as they thought proper, and we would hear it. To this the counsel for the said commissioner excepted."

The return then states that no further proof or evidence was given or offered by either party, and that after hearing the arguments submitted on behalf of the respective parties, the referees made their decision by which they reversed the determination of the said commissioner of highways, and reduced their decision to writing, setting forth the same.

*David Rumsey*, for the relator.

*A. M. Spooner*, for the defendants in error.

*By the Court*, WELLES, J. There was no waiver by any of the parties, of the oath of the referees which they were required by the statute to take before proceeding to hear the appeal. It does not appear that either the relator, the applicants for the road, or the defendants, knew whether the referees had been sworn as the statute requires, or not. (2 *R. S.* 5th ed. 403, 404, § 123, *last clause.*) It was the duty of the

The People *v.* Connor.

referees to be sworn, before proceeding to hear the appeal, and the parties had a right to presume they had performed that duty; and can not be charged with notice of their neglect; and no implied waiver can ever be intended of an irregularity or omission of which they had no notice or of which they can not be charged with notice. Besides, the parties to these proceedings had no right to waive such an irregularity as this omission of the referees to be sworn. The whole town had an interest in the proposed highway, and had a right to require that the proceedings should, in all material respects, conform to the requirements of the statute, which, in effect, declares that until the referees are sworn they are incompetent do any other act as referees. It was an act necessary to give them jurisdiction to proceed in the discharge of their duties; the omission of which rendered all their acts *coram non judice* and void. The cases of *Howard* v. *Sexton*, (1 *Denio*, 440,) and *Keator* v. *The Ulster and Delaware Pl. R. Co.*, (7 *How. Pr. R.* 41,) relied upon by the counsel for the defendants, have no application to the present case. Both of those cases were civil actions, where the parties had the perfect right to waive any irregularities they chose.

The decision of the referees reversing the determination of the relator as commissioner of highways of the town of Cohocton must therefore be reversed.

Ordered accordingly.

[MONROE GENERAL TERM, March 5, 1866. *Johnson, Welles* and *E. Darwin Smith*, Justices.]