Sarah Merritt et al., Appellants, v. The Village of Portchester et al., Respondents.

A statute delegating power to charge the property of individuals with the expense of local improvements, must be strictly pursued, and any departure in substance from the formula prescribed by the statute vitiates proceedings under it.

That which the Legislature has directed to be done, in such case, the courts cannot declare immaterial, and none of the steps prescribed can be held to be directory merely; and so, it cannot be held that the omission to take any step does not affect the proceedings.

Commissioners of estimate and assessment appointed under the charter of the village of P. (chap. 818, Laws of 1868), to apportion and assess the expense of a local improvement, instead of taking the oath "faithfully and fully to discharge the duties" required by the charter to be taken before they were authorized to act, each took an oath that he would perform the duties " to the best of his ability." In an action brought to restrain the collection of the assessment, *held*, that the failure to take the prescribed oath rendered the proceedings illegal.

*In re Directors of the M. & K. R. R. Co.* (19 Wend., 135) distinguished.

Said charter requires the commissioners, after making their estimate and assessment, to publish a notice of the time and place when and where parties can be heard, and after a hearing, to complete their report to the trustees. The commissioners gave notice of the filing of the estimate and assessment, and of a time and place where and when they would meet, and that "all persons feeling themselves aggrieved must present their objections in writing." *Held*, that the commissioners exceeded their jurisdiction in thus restricting the parties.

Also, *held*, that the objection was not waived by appearing and filing written objections to two former reports, where a similar notice was given, which reports were sent back for revision and correction, and each time a new estimate and assessment made; as each assessment was independent of every former one, and the same steps required for its perfection.

*Merritt* v. *Village of Portchester* (8 Hun, 40) reversed.

(Argued November 16, 1877; decided November 27, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor' of defendants, entered upon a decision of the court at Special Term. (Reported below, 8 Hun, 40.)

This action was brought to restrain defendants from selling certain real estate of plaintiff, situate in the village of Portchester, for an unpaid assessment for regulating and grading an avenue in said village.

The facts so far as material to the questions discussed are as follows :

The trustees of said village commenced proceedings under its charter (chap. 818, Laws of 1868), to regulate and grade said avenue. They appointed commissioners to apportion and assess the cost of the improvements, each of whom took an oath to perform his duties " to the best of his ability." By said charter such commissioners are required, before entering upon the performance of their duties, to take an oath " faithfully and fairly to discharge the duties."

The commissioners made four reports to the trustees, the first three of which were sent back for revision and correction, and each time a new estimate and assessment was made. No notice of the time and place when and where parties could be heard as to either of the estimates and assessments was published. But, as to each, notice of its filing was published, and of a time and place when and where the commissioners would meet, the notice stating " that all persons feeling themselves aggrieved must present their objections in writing." Plaintiffs appeared and filed written objections to the first two reports, but not to the last two. The last report was confirmed by the trustees and a warrant was issued to collect the assessment.

*Calvin Frost*, for appellants. The joining of the two street gradings in one proceeding was improper, and vitiated it. (*Knox* v. *Yonkers*, 39 Barb., 266.) The adjournment by the trustees after the bids had been opened was improper. (*Adriance* v. *Suprs.*, etc., 12 How., 224, 231; *Darby* v.

*Condit*, 1 Duer, 599 ; *Williams* v. *People*, 24 N. Y., 399 ; *Cook* v. *B'k of Boston*, 50 Barb., 339.) The failure of the commissioners to take the oath required by the statute was fatal to the proceeding. (*Adriance* v. *McCafferty*, 2 Robt., 153; *Hopkins* v. *Mason*, 42 How., 115.) The statute under which the proceeding was had being in derogation of individual rights, will be strictly construed and must be shown to have been rigorously observed. (*Stark* v. *Spear*, 4 Hill, 76 ; *Stark* v. *Johnson*, id., 92 ; *Adriance* v. *McCafferty*, 2 Robt., 153; *Hopkins* v. *Mason*, 42 How., 115; *Adams* v. *S. & W. R. R. Co.*, 10 N. Y., 328; *Striker* v. *Kelly*, 2 Den., 323.)

*Odle Close*, for respondents. The oath taken by the commissioners being substantially like the one required by the statute fully qualified them to act. (*In re M. & H. R. R. Co.*, 19 Wend., 135; *Weeks* v. *Ellis*, 2 Barb., 320; *Foot* v. *Stiles*, 57 N. Y., 399; *Rusher* v. *Sherman*, 28 Barb., 416; *Stanton* v. *Ellis*, 2 Kern., 575; *B. & S. L. R. R. Co.* v. *Erie*, 48 N. Y., 93; *Sorchan* v. *City of B'klyn*, 3 Hun, 562, 565.) The literal compliance with the charter, in the publication of the notice, was a sufficient publication within the meaning and intent of the charter. (*Sheldon* v. *Wright*, 7 Barb., 39; 5 N. Y., 497; *Olcott* v. *Robinson*, 21 id., 150; *Chamberlain* v. *Dempsey*, 13 Abb., 421 ; 22 How., 356 ; *Wood* v. *Morehouse*, 45 N. Y., 368.)

ALLEN, J. The proceedings which it is sought to arrest were had by authority of a statute delegating power to charge the property of individuals situated within the corporate limits of the village of Portchester with the cost of certain local improvements. By the proceedings, pursued to their permitted termination, the owner may be deprived of his property, without his assent, and the immediate effect is to encumber them to the extent of the charge and assessment. It is a statutory proceeding, affecting the property of the citizen, and by which it may be taken from him; and,

therefore, within well-established rules of law, the statute must be strictly pursued, and any departure, in substance, from the formula prescribed by law vitiates the proceedings. The party whose property is to be reached may insist upon the observance of every form prescribed by statute which will in the least tend to his protection. In other words, the form must be strictly followed. (*Gilbert* v. *Columbia T. Co.,* 3 Jo. Cases, 107; *Rex* v. *Croke,* Cowp., 26; *Adams* v. *S. & W. R. R. Co.,* 10 N. Y., 328; *Doughty* v. *Hope,* 3 Den., 594; *Seymour* v. *Judd,* 2 Comst., 464; *Sharp* v. *Speir,* 4 Hill, 76; *Bloom* v. *Burdick,* 1 id., 131; *Thatcher* v. *Powell,* 6 Wheat., 119.) The commissioners of estimate and assessment, whose duty it was to apportion the cost of the improvement and assess it upon the property situated within the prescribed limits of benefit, were not authorized to act until they had taken the oath prescribed by law. Their appointment could only be consummated, and they fully inducted into office, by that ceremony. It was a condition precedent to their right to perform the functions of their office, and the oath was one of the safeguards provided by statute for the protection of the property-holder, and the Legislature, by prescribing the form, made the form of the essence of the act. That which the Legislature has directed, courts cannot declare immaterial. The statute required the commissioners to make oath, before entering upon their duties, "faithfully and fairly to discharge the duties," etc. The oath taken was that each would perform the duties "to the best of his ability." The Legislature laid stress and gave importance to the words "faithfully and fairly," incorporated in the oath as prescribed, and the courts have no right to say that they are unmeaning and without force, or that they might not affect the conscience, as the oath actually taken, or any oath less solemn in form, would not. As there are no words substituted for them, there is no room to hold that their place is supplied by equivalent words, or words of equal force. The liberal interpretation which may sometimes be resorted to to uphold proceedings cannot be applied

here, for the very obvious reason that there are no words in the oath taken to be interpreted as the equivalents of those prescribed. Two cases in the neighboring State of Pennsylvania are directly in point, although in neither was the departure from the statutory form of oath as great or as important as in the case at bar. In *Thompson* v. *White* (4 S. & R., 135), the word "firmly" was omitted in the oath as to the belief of an appellant that injustice had been done by the award of arbitrators, from which it was desired to appeal. In *Cambria Street* (75 Penn. St. R., 357), "road viewers," who answer to the commissioners appointed in this case and appointed for the same purpose, were required to take an oath that they would "impartially discharge their duties;" and they had substituted "faithfully" for "impartially" in the oath as administered, and it was held fatal to their power to act. The commissioners should have taken the oath as required by the statute, and not having done so, their proceedings were illegal. (*People* v. *Connor*, 46 Barb., 333; *State* v. *Mayor of Jersey City*, 38 N. J. [L. R.], 85; *Same* v. *City of Perth Amboy*, id., 425.)

The case, *In the Matter of the Election of Directors of the M. & H. R. R. Co.* (19 Wend., 135), is relied upon by the respondents to sustain the proceeding. It was there held by Judge Cowen, in an elaborate opinion, that the omission of the inspectors appointed to preside at an election of directors of an incorporated company, to be sworn in the form prescribed by statute, was no ground for setting aside the election upon a summary application. The learned judge came to his conclusions upon three distinct grounds: First. That the objection was waived by appearing at the election and voting without taking the objection, or by having notice of the election and being absent. Second. That the inspectors were *de facto* officers, without having taken any oath, and that their acts were valid; and Third. That the statute directing the inspectors to be sworn was directory, and not mandatory. There was no waiver here, for there was no

opportunity to object; and there is nothing which the Legislature directs to be done, or in any of the steps prescribed for the taking of individual property under a delegated power, which the courts can hold directory merely, and therefore to be observed or not, as may be convenient, the omission of which will not affect the proceedings.

The second ground, therefore, considered by the learned judge is the only one that could apply, and how much stress was laid upon that in reaching the final conclusion, is not easy to learn from the opinion.    But it may be assumed that the inspectors of an election of directors, deriving their authority from the appointment of the corporate body, acting without being sworn, are officers *de facto*, and their acts valid without affecting this case.    Inspectors of election are ministerial officers, having certain duties to perform in the election of the governing officers of a corportion.    Their acts do not affect the property of individuals, and they have no power over the property of the citizen.    The difference between the powers exercised by the two classes of officers, distinguish that case from the present, and leave the general principle that has ripened into an axiom in the law as to the necessity of strictly following the statute in all proceedings affecting property rights, applicable in all its force in this case.

Only one other of the several objections to the proceedings will be noticed.    The statute under which the proceedings were had (Laws of 1868, chap. 818, title 5, § 25 [Charter of the Village of Portchester]), requires the commissioners, after making their estimate and assessment, to publish a notice of the time and place when and where the parties could be heard; and that after hearing the parties, to proceed and complete their report to the board of trustees of the village.    There was no published notice of a time and place for the hearing of interested parties; but notice was given of the filing of the estimate and assessment, and of a time and place when and where the commissioners would meet; and that " all persons feeling themselves aggrieved,

must present their objections in writing " to the commissioners. This was not the hearing required by the statute, and the commissioners exceeded their jurisdiction in restricting the parties in interest to written objections. The statute gave the right of an oral hearing, and the limitations imposed by the commissioners were unauthorized. (*State* v. *Jersey City*, 1 Dutcher, 309; *Hopkins* v. *Mason*, 42 How. Pr. R., 115.)

The appellants have not waived this objection. The commissioners made four successive reports to the board of trustees, the latter sending the same back three times for revision and correction, and the commissioners on each occasion made a new estimate and assessment, and gave a new notice to parties interested " to present their objections in writing." Each assessment was independent of every former assessment, and the same steps were required for its perfection. An appearance, and filing written objections to the first two reports, did not waive the defective notices in respect to the last two, or cure the defects.

The judgment must be reversed, and a new trial granted. All concur.

Judgment reversed.