THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAHAM D. STEPHENS and Others, Highway Commissioners, etc., *v.* J. BENEDICT SEE, Town Clerk, etc., and Others.

*Laying out of highways—reassessment of the damages awarded by the commissioners— notice of—within what time it must be served—its service is necessary to confer jurisdiction—1847, chap. 455 sec. 5.*

Where a person is dissatisfied with the award made by commissioners appointed to appraise the damages occasioned by the laying out of a highway, and desires to have them reassessed by a jury, as provided by chapter 455 of 1847, the notice of his dissatisfaction and his demand for a jury must, under section 5 of the said act, be made returnable upon a day not less than ten days from the day of its service upon the town clerk, and not more than twenty days from the day of the filing of the award of the commissioners. (Cullen, J., dissenting.)

The notice is a prerequisite to the acquisition of jurisdiction over the subject-matter. Jurisdiction cannot be conferred by the voluntary appearance of the commissioners of highways upon the reassessment, when no proper notice has been served upon them. (Cullen, J., dissenting.)

Certiorari to review the action of the respondents in reassessing damages awarded by commissioners upon the laying out of a highway.

Upon the hearing before the jury the commissioners of highways and the land owners appeared with their counsel and were heard.

*Edward Wells* and *Henry C. Griffin*, for the relators.

*W. J. Townsend*, for See and others.

BARNARD, P. J.:

The commissioners of highways of the town of Mt. Pleasant, in the county of Westchester, laid out a highway in that town on the 10th of September, 1880. The damages sustained by the land owners by reason of the laying out such highway were assessed by commissioners appointed by the county judge of Westchester county on the 28th of October, 1881. Their award was filed in the office of the town clerk of Mt. Pleasant on the 3d of November, 1881. Helen M. Diggle and George Rockwell, two of the land holders, were dissatisfied, and on the 19th of November, 1881, served on the town clerk of Mt. Pleasant a notice demanding that a jury be drawn in the town of Greenburgh, an adjoining town, on the 22d of November, 1881, at ten A. M., at the town clerk's office of the town of Greenburgh. This notice was served on the commissioners of Mt. Pleasant on the 21st of November, 1881. The question presented by the return to a writ of *certiorari* issued herein, is what notice of dissatisfaction is required to be served upon a town clerk in cases where a reassessment is asked by a jury under chapter 455 of the Laws of 1847. By the fifth section of that act it is provided that " any person conceiving himself aggrieved, or the commissioner or commissioners on the part of the town feeling dissatisfied by any such assessment, may within twenty days after the filing thereof as aforesaid, signify the same by notice in writing and serving the same on the town clerk and on the opposite party, that is, the persons for whom the assessments were made, or the commissioner or commissioners of highways as the case may be, asking for a jury to reassess the damages, and specifying a time not less than ten nor more than twenty days from the time of filing said assessment, when such jury will be drawn at the clerk's office of an adjoining town of the same county by the town clerk thereof, which notice shall be served upon said opposite party within three days after service upon the town clerk as aforesaid."

As has been observed, the award was filed November 3, 1881, and the notice was served on the town clerk on the 19th of November, 1881, returnable on the 22d of November, 1881, at ten A. M. The notice was served on the commissioner within three days thereafter, but only one day before the drawing of the jury. The section is not clear. It may be presumed, however, that a notice was intended to be given to the commissioner before the drawing of the jury. Such a presumption is in accordance with the uniform legislation in cases involving private rights and interests. The construction of the section claimed by respondents, that a notice may be given at any time within the twenty days to the town clerk, cannot reasonably be supposed to be the one designed by the legislature. There is reason in the section itself against this construction. The drawing of the jury cannot be specified for a day within ten days after the filing of the award. No reason is perceived why, if no real notice was to be given, the day was put off until after the first ten days had expired after the award was filed. Again, the service of the notice upon the commissioners is directed to be made within three days after the service upon the town clerk. A greater interval than three days must have been intended between the service on the town clerk and that upon the commissioners, for a service of the notice upon the last day, as would be possible under the construction claimed, would be practically of no effect.

It seems, therefore, that the true construction of the section is this, a notice may be given returnable not less than ten days from the service and upon a day within the twenty days after the filing of the award. This would give the commissioners seven days notice at the least. If this is the right construction the whole proceedings are void. The notice is a prerequisite to the jurisdiction of the subject-matter. (*The People ex rel. Mitchell* v. *Lawrence*, 54 Barb., 589; *Dudley* v. *Mayhew*, 3 N. Y., 9; *Merritt* v. *Village of Portchester*, 71 id., 309.) Jurisdiction could not be conferred by the appearance of the commissioners at the reassessment. (*People* v. *Connor*, 46 Barb., 333.)

The proceedings should be reversed, with costs.

DYKMAN J., concurred; CULLEN, J., dissented.

Reassessment proceedings reversed, with costs.