PEOPLE *ex rel*. EDISON E. I. CO. *v*. WEMPLE.

*(Supreme Court, General Term, Third Department.* September 25, 1890.)

CERTIORARI—TO STATE COMPTROLLER.

    As the settlement, by the comptroller of the state, of an account for taxes against a corporation, may, under Laws N. Y. 1889, c. 463, be revised and readjusted by him on evidence submitted to him, and his action on an application for such revision may be reviewed upon *certiorari*, a writ of *certiorari* to review such settlement, before application for revision, is within the restriction of Code Civil Proc. N. Y. § 2122, subd. 3, that the writ cannot be issued "where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the relator's application."

On return to writ of *certiorari*.

*Certiorari* issued on the petition of the Edison Electric Illuminating Company of New York against Edward Wemple, comptroller of the state, to review an assessment by him for state taxes upon said company.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Eugene H. Lewis,* for relator.   *Isaac H. Maynard,* for defendant.

LEARNED, P. J.   By Code Civil Proc. § 2122, subd. 3, no writ of *certiorari* should issue "where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the relator's application, unless the determination to be reviewed was made upon a rehearing, or the time in which the relator can secure a rehearing has elapsed." The present proceeding was commenced in March, 1890, and is intended to review a determination of the comptroller made in February, 1890, by which he stated and settled an account against the relator for taxes due the state on its franchise or business, under chapter 542, Laws 1880, chapter 361, Laws 1881, and the subsequent acts amending that statute. By chapter 463, Laws 1889, two sections, to be called "Nineteen" and "Twenty," are added to the aforesaid chapter 361, Laws 1881. These sections provide that the comptroller may, at any time, revise and readjust any account theretofore settled against any corporation for taxes under this act; that evidence may be submitted to him that the account has been illegally paid, or made so as to include taxes which could not have been lawfully demanded. Section 20 provides that the action of the comptroller, on any application for such revision and resettlement, may be reviewed upon the law and the facts upon *certiorari* by the supreme court, and that an appeal from the determination of the supreme court may be taken to the court of appeals. Provision is made for the return to the supreme court of the evidence taken before the comptroller. It is thus evident that the relator can, by express language of the statute, have a rehearing before the comptroller of the matter he is now seeking to review. Therefore, under the Code, no *certiorari* should issue until such rehearing has been had. Even aside from the section of the Code above cited, it would be reasonable that, under these sections 19 and 20 of the act of 1889, this court should refuse a *certiorari* until the review had been applied for, and a decision

made on the application, as authorized by those sections. It was stated on the argument that, since these proceedings were commenced, the relator has applied to the comptroller for such review, and the comptroller has declined to hear the matter on the ground of the pendency of this present application. That matter does not appear on the papers. Even if it be time, it would not affect the restriction imposed by the section of the Code above cited. The *certiorari* must be quashed, with $50 costs and disbursements. All concur.