THE PEOPLE OF THE STATE OF NEW YORK EX REL.
THE AMERICAN CONTRACTING AND DREDGING
COMPANY v. EDWARD WEMPLE, COMPTROLLER OF THE
STATE OF NEW YORK.

*Taxation — assessment of corporations by the comptroller — determination of a public officer, when set aside — irregularities in practice — a corporation aggrieved by the adjustment of a tax by the comptroller may proceed by* certiorari *— limitation of time for the application therefor.*

A domestic corporation, incorporated in the State of New York under the manufacturing act of 1848, as extended by chapter 365, Laws of 1875, conducted its business principally on the Isthmus of Panama. The comptroller of the State of New York, in assessing a tax upon its franchise and business, under chapter 542, Laws of 1880, and the acts amendatory thereof, based the sum upon dividends declared, rent paid for offices, salaries of officers and employees, and deposits in bank in the State of New York.

*Held*, that this method of estimate was correct, and that to the extent of such items the corporation was "doing business in this State" and was subject to taxation therein.

The determination of a public officer, charged with the duty of deciding whether property within his jurisdiction is taxable, will not be set aside unless it conclusively appears that his valuation was erroneous.

The comptroller, a public officer representing the people, does not, and cannot, by making return to a writ of *certiorari*, waive any failures or omissions upon the part of the person or corporation taking the proceeding to comply with the practice prescribed by law in such cases.

The Code of Civil Procedure (§ 2122) provides that "a writ of *certiorari* cannot be issued * * * where the determination can be adequately reviewed by an appeal to a court or some other body or officer." Section 1 of chapter 361, Laws of 1881, provides for a board of State officers before whom the assessment and statement of a tax against a corporation can be adequately reviewed. Chapter 463, Laws of 1889, provides that the comptroller may, at any time, revise and readjust such an assessment; and, further, that such readjustment may be reviewed, upon the law or the facts, upon *certiorari* by the Supreme Court at the instance of either party.

A corporation aggrieved applied to the comptroller to readjust a tax, and the latter refused, after entertaining the application, to do so.

*Held*, that the case was thereby taken out of the operation of the law of 1881, and the prohibition of section 2122 of the Code of Civil Procedure, and was brought within the act of 1889.

That the corporation, therefore, need not prosecute the review before said board of State officers, and its procedure by *certiorari* was proper.

That the thirty days' limit of time, prescribed by section 17 of chapter 501 of the Laws of 1885 for the application for a writ of *certiorari*, did not apply to the issuing of such writ under section 20 of chapter 463 of the Laws of 1889.

HEARING upon the return to a writ of *certiorari* granted on the 9th day of January, 1891, and entered in the clerk's office of Albany county, upon the relation of the American Contracting and Dredging Company, to review an assessment of taxes made by the defendant Edward Wemple, comptroller of the State of New York, under chapter 542, Laws of 1880, and the several acts amendatory thereof.

The application was made by the relator to review the determination of the comptroller, made on its application for the revision and readjustment of accounts for taxes against the relator for the years 1887, 1888, 1889.

The relator is a corporation of the State of New York, organized under the manufacturing act of 1848, as extended by chapter 365 of Laws of 1875, and was incorporated August the 22d, 1882, with a paid-up capital of $2,000,000, divided into 20,000 shares of $100 each, and in and by the certificate of incorporation the corporators certify as follows:

"And we do hereby certify that such corporation is formed for the purpose of carrying on some part of its business out of the State of New York, but that the operations of said corporation are to be conducted and carried on in and from the city, county and State of New York, which is to be the principal place of business of the said company."

During the three years for which the relator seeks to review the assessment by the comptroller, and the tax imposed on it, the company was largely engaged in dredging on the Panama canal on the Isthmus of Panama, but during all that time kept an office in the city of New York, which it kept furnished and for which it paid rent, and where officers and employees were kept in the service of the relator, and were paid by it in 1887, $4,500; in 1888, $7,600; in 1889, $6,693.33. During the same time the relator made annual reports, as required by the laws of New York, to the comptroller, by which it appeared that in 1887 it declared and paid dividends, on the capital stock, of forty-five per cent; in 1888 it declared and paid dividends on the capital stock at 224 per cent, and in 1889 it declared and paid dividends on the capital stock of seven per cent. The earnings and income from the relator's business were from time to time deposited by the relator in its bank in the city of New York,

and the average monthly balance kept on deposit in such bank for the year 1887 was $78,320.88, and the like average monthly balance so kept on deposit in New York banks for 1888 was $108,248.12, and for the year 1889, $12,917.79.

Upon the franchise of the business of the relator, based upon dividends on capital stock, the comptroller imposed a tax of one-quarter of a mill for each one per cent dividend declared in each of the years 1887, 1888, 1889, amounting in the aggregate to the sum of $7,460.01, and on the 3d of September, 1890, served upon the relator the following notice :

STATE OF NEW YORK:

COMPTROLLER'S OFFICE,
CORPORATION TAX DEPARTMENT,
ALBANY, Sept. 3, 1890.

To EUGENE KELLY, Treasurer of American Contracting and Dredging Company, 47 Exchange Place, N. Y.:

SIR.— Please take notice that the comptroller has settled an account against your company of $7,460.01 for tax on capital stock for three years ending November 1, 1890. Unless such tax is paid within thirty days from the date of this notice, we shall draw our warrant for the same pursuant to the provisions of law.

Yours respectfully,

EDWARD WEMPLE,
Comptroller.

On the 20th day of September, 1890, the relator paid, under protest, into the treasury of the State of New York the whole amount of tax specified in the foregoing notice, and took the treasurer's receipt therefor under section 17 of chapter 501 of Laws of 1885.

On the 14th day of October, 1890, the relator served upon the comptroller notice of an application to be made by the relator to him for a revision and readjustment of the accounts of $7,460.01 of tax theretofore settled by the comptroller under the provisions of chapter 485 of the Laws of 1889, and on the 28th day of November, 1890, the comptroller made an order declining to make any revision or readjustment of the same.

On the 9th day of January, 1891, upon the petition of the relator, a writ of certiorari was issued out of the Supreme Court directed

to the comptroller, requiring him to certify a return, in the usual form, to such writ. To this writ the comptroller made and filed his return on the 17th day of January, 1891. The case shows that no notice of motion of the application for this writ was served on the comptroller before the same was granted, nor were any of the papers upon which the writ was allowed served on him before the granting of the writ.

*A. H. Joline,* for the relator.

*I. H. Maynard,* for the Comptroller, the respondent.

MAYHAM, J.:

The defendant raises three preliminary objections to this writ, and insists that it should be quashed.

*First.* Because the application for it was not made within thirty days after service upon the relator by the comptroller, of notice of settlement of the tax in question.

*Second.* Because the paper upon which the motion for the writ was made, and notice of motion for the writ were not served upon the comptroller eight days before the making of the motion.

*Third.* That the writ of *certiorari* should not have been issued in this case because the determination sought to be reviewed could be adequately reviewed by an appeal to a board of State officers, consisting of the secretary of State, attorney-general and State treasurer, under the provisions of section 1 of chapter 361 of Laws of 1881.

The first point made by the defendant for the quashing of this writ, because the application therefor was not made within thirty days after the notice of the assessment, is under the provisions of section 17, chapter 501 of the Laws of 1885.

The part of that section to which our attention is directed upon this point reads as follows:

"§ 17. No writ of *certiorari* to review the determination and settlement of the comptroller as to the amount of capital used within the State by any corporation, joint-stock company or association, and as to the tax and penalty to be paid thereon, shall be granted, except application therefor be made within thirty days after service upon such corporation, joint-stock company or association by the comptroller of notice of such settlement."

This statute is mandatory, and if it affirmatively appears in the case that the notice by the comptroller of the settlement of this tax had been served on the relator more than thirty days before the application of the relator for this writ, and if that difficulty is not waived, we think the objection fatal to these proceedings. The notice is set out in the case and bears date on the 3d of September, 1890. The only proof of the service of this notice is found in the petition and return wherein it is alleged that it was served on the 3d of September, 1890. But as the allegation is positively made in the return it must be taken as establishing the time of the service of the notice. The return to the writ must be taken as conclusive and acted upon as true. (*The People ex rel. Sims* v. *The Board of Fire Commissioners*, 73 N. Y., 437.)

The relator in the brief of counsel on this argument states that, upon receiving the notice of September 3, 1890, it applied to a justice of this court for a writ of *certiorari* to review this assessment, and complied with the requirement of the statute by paying into the treasury the amount of tax and giving the undertaking required by section 17 of chapter 501 of Laws of 1885, and that such application was denied without prejudice under the authority of the *People ex rel. Edison* v. *Wemple* (11 N. Y. Supp., 246).

The case discloses the payment of the tax into the treasury on the 20th of September, 1890, and the execution, approval and deposit in the office of the treasurer of the bond required by statute on that day, but it contains no reference to an application for a *certiorari* or an order denying it without prejudice at that time.

If these facts appeared in this case, it might be said with much force that such application within the time answered this requirement of section 17 of chapter 501 of the Laws of 1885, and that the denial of the motion without prejudice on that application left that application to stand as a substantial compliance with that requirement in that action.

But the record, as we find it, shows no application for a writ of *certiorari* until the 9th of January, 1891, a period of 121 days from the service of the notice by the comptroller of the settlement of this tax, and upon this record the court must proceed in the determination of the question raised by the defendant on this point; and unless the comptroller can and has waived this objection by his

return to the writ without objection we do not see how the writ can be sustained.

The defendant raises another preliminary objection to this writ — that the papers upon which it was granted were not served on the comptroller eight days before the application therefor. The case is silent upon this subject, but the stipulation of the attorneys of the respective parties does not embrace any proof of service of such papers, and that stipulation purports to refer to all of the papers on file in the clerk's office, "and the whole thereof." We are, therefore, to assume that all the papers are before us, and as they contain no proof of service on the comptroller, either of a notice of the application for this writ or of the papers upon which the application is founded, that no such service was made.

Section 17 of chapter 501 of the Laws of 1885, after providing for the time within which a writ of *certiorari* must be applied for, as we have quoted, proceeds as follows: "Nor shall any such writ be granted, except the papers upon which motion therefor is to be made, including notice of motion, shall have been served upon the comptroller at least eight days before such motion."

Unless the effect of the provision above quoted is qualified or modified by the provisions of sections 19 and 20 of chapter 463 of the Laws of 1889, then the service of the notice and papers, as prescribed by the provisions of section 17, above quoted, is a prerequisite which must be complied with to confer jurisdiction upon the judge to whom the application is made, and, without such service and proof thereof before him, he would be wholly without jurisdiction to make the order for or grant the writ.

Upon both of the points raised by the defendant under the provisions of section 17 of chapter 501 of the Laws of 1885, there has been a failure on the part of the relator, and unless such omission has been waived by the defendant in the steps subsequently taken by him, or the effect of section 17, aboved quoted, is so modified by chapter 463 of the Laws of 1889 as to render a strict compliance with its provisions unnecessary, this writ cannot be sustained. Did the defendant by making return to this writ waive the objection as to the time of service, and the necessity of service, of notice of papers eight days before the application for the same as required by section 17, chapter 501 of the Laws of 1885? The comptroller in this

proceeding represents the people of the whole State, who are presumed to be interested in the question of taxation for State purposes.

He is a statutory officer, charged with certain statutory powers and duties, and is limited in the exercise of his official functions to the discharge of his delegated authority. He cannot, like an individual, waive any of the statutory requirements, nor relieve the relator from any burden that the law casts upon it ; it is by virtue of the statute that the relator is permitted to review the action of the comptroller by *certiorari ;* and its proceedings in making that review are regulated by and must be conducted in accordance with these statutory provisions, and not under or in virtue of any waiver, expressed or implied, by the comptroller, who is in like manner bound by the statute.

In the case of *People ex rel. The Commissioners of Highways of Cohocton* v. *Dennis Connor et al.* (46 Barb., 333) it was held that the commissioners of highways could not, on appeal from their determination in laying out a highway, waive the oath of the referees appointed by the county judge on such appeal, and the court in discussing that case uses this language : " Besides the parties to these proceedings had no right to waive such irregularity, as this omission of the referee to be sworn. The whole town had an interest in the proposed highway, and had a right to require that the proceedings should, in all material respects, conform to the requirements of the statute, which, in effect, declares that until the referees are sworn they are incompetent to do any other act as referees. It was an act necessary to give them jurisdiction to proceed in the discharge of their duties, the omission of which rendered all their acts *coram non judice* and void."

This case is cited with approbation in *People ex rel. Stephens* v. *See, Town Clerk, etc.* (29 Hun, 216). In this case parties claiming to be aggrieved by the assessment of land damages, by commissioners appointed by the county judge in laying out a highway, took proceedings to have a reassessment before a jury of an adjoining town, and for that purpose served a notice on the town clerk three days before the hearing, whereas the statute required a service on the town clerk ten days before the drawing of the jury, and on the opposing party within three days after service on the town clerk.

The notice was, in fact, served on the commissioners of highways, who in that case were the opposing parties, but one day before the

time fixed for drawing the jury. On the hearing before the jury the commissioners of highways appeared by counsel and were heard before the jury. The question of the sufficiency of these notices came before the court on *certiorari* to review the proceedings, and it was claimed that the commissioners by appearing had waived the statutory time of service.

But the court held that: " The notice is a prerequisite to the acquisition of jurisdiction over the subject-matter. Jurisdiction cannot be conferred by voluntary appearance of the commissioners of highways upon the reassessment when no proper notice has been served upon them." It is quite apparent that the comptroller in this case had no power to waive the time within which the writ must be applied for, or the service of notice and papers required by section 17 of the Laws of 1885 ; and if this is so, then the granting of the order for this writ, and the allowance of the writ itself, was without jurisdiction, and all the proceedings. under it to review the act of the comptroller would be void.

The learned attorney-general raises another preliminary question which he insists is decisive of this *certiorari* under the provisions of chapter 361 of the Laws of 1881. By section 1 of this chapter the comptroller, if not satisfied with the valuation returned by the corporation or joint-stock company to the comptroller, " is authorized and empowered to make a valuation thereof, and to settle an account upon the valuation so made by him for the taxes, penalties and interest due the State thereon ; and any association, corporation or joint-stock company dissatisfied with the account so settled, may, within ten days, appeal therefrom to a board, consisting of the secretary of State, attorney-general and State treasurer, which board on such appeal shall affirm or correct the account so settled by the comptroller, and the decision of said board shall be final."

This act was amended by chapter 151 of the Laws of 1882 and again by chapter 501 of the Laws of 1885. The last amendment added to the act, as amended by chapter 151 of Laws of 1882, nine sections, from eleven to nineteen, both inclusive ; but the provisions of section 1 of chapter 361 above quoted are nowhere repealed. By section 2122 of the Code of Civil Procedure it is provided that : "A writ of *certiorari* cannot be issued   *   *   *   where the determination can be adequately reviewed by an appeal to a

court or some other body or officer." As we have seen, section 1 of chapter 361 of Laws of 1881 expressly provides a board of officers before whom the assessment and statement of tax against the corporations in this class of cases can be adequately reviewed and a final determination had thereon. By chapter 463 of the Laws of 1889 two more sections were added to chapter 501 of the Laws of 1885, being section 19 and section 20. By section 19 it is provided, among other things, that the comptroller may at any time revise and readjust an assessment made by himself or any predecessor for taxes arising under this act or any act of which this is an amendment, and upon proof resettle the same.

Section 20 provides that the action of the comptroller upon any application for a settlement or revision, may be reviewed upon the law or facts upon *certiorari* by the Supreme Court at the instance of either party. The relator applied to the comptroller for a readjustment of this tax, and the comptroller refused to change the assessment after entertaining the application. This, we think, brought the case within the provisions of chapter 463 of the Laws of 1889, and took the case out of the operation of section 1 of the Laws of 1881, chapter 361, and the consequent prohibition embraced in section 2122 of the Code, and that a *certiorari* will lie, and the relator is not compelled to prosecute the review before the board of State officers under the provisions of chapter 361 of the Laws of 1881. As we have seen, sections 19 and 20 of the act of 1889, added to chapter 361 of the Laws of 1881, provide that the comptroller may readjust the tax at any time, and that would authorize such readjustment after the expiration of the time limited by section 17 of the act of 1885. It would seem to follow, therefore, that the provisions of that section did not apply to the *certiorari* provided for in the section 20 of the act of 1889. If this construction is correct, then the relator is regular and may review this assessment in this proceeding.

This brings us to the consideration of the question upon the merits. By the statute the comptroller is authorized and empowered to ascertain, fix and determine the amount of capital employed within the State, and to settle an account for the taxes and penalties due the State thereon. This, it seems to me, he has done in this case, by aggregating the average balance kept on deposit

in the State, the amount of annual rent paid for premises occupied by the petitioner in this State, and the annual amount of salaries paid to officers in the State. It is difficult to see why the capital so used and kept in this State is not employed here. It is true that the case discloses that the chief operations of the company were in Panama, but the deposit of money in a bank may be, and ordinarily is, employing it there, and so with paying it out for salaries and rents; and in the absence of an explanation, it would seem to follow that the comptroller was justified in holding that it was employed in this State. The comptroller, in the determination of this question, was called upon to ascertain, as a fact, the amount of capital so employed, and his determination upon that subject, when reviewed, stands in some respects like the verdict of a jury, and should not be set aside except upon reasons that would justify the court in setting aside a verdict as against evidence. (Code of Civil Procedure, § 2140.)

The rule seems well settled upon authority that, upon the review of assessments, the decision of a public officer, charged with the duty of determining the value of property, for the purpose of assessment and taxation will not be set aside, unless it clearly and conclusively appears that the valuation was erroneous. (*People ex rel. Osgood* v. *Commissioner of Taxes,* 99 N. Y., 154; *People ex rel. West. F. I. Co.* v. *Davenport,* 91 id., 574; *People ex rel. Dann* v. *Williams,* 36 id., 441; *People ex rel. Central Park, etc., R. R. Co.* v. *Commissioner of Taxes,* 21 N. Y. State Rep., 358; *People ex rel. P. R. R. Co.* v. *Commissioner of Taxes,* 104 N. Y., 240.) While most of these cases relate to the appraisement of value, yet there is no apparent reason why the same rule should not obtain where the officer is charged with the duty of determining whether or not property within his jurisdiction is or is not taxable, especially when he is charged with the duty of determining that question.

On the whole, we see no reason upon the merits for reversing the determination of the comptroller, and the same is, therefore, affirmed, with fifty dollars costs and disbursements.

LANDON, J., concurred.

Determination of the comptroller affirmed, with fifty dollars costs and disbursements.