### In re WOOD et al.

(Supreme Court, Appellate Division, Third Department.  March 7, 1906.)

HIGHWAYS—PROCEEDINGS FOR ALTERATION—NOTICE TO COMMISSIONER—WAIVER.
    Under Highway Law, § 83 (Laws 1890, p. 1193, c. 568, as amended by
    Laws 1894, p. 611, c. 334, and Laws 1897, p. 259, c. 344, § 1), requiring
    five days' notice of an application for the appointment of commissioners
    to determine on the necessity of proposed highway alterations to be given
    to the highway commissioner of the town, the highway commissioner
    may waive such notice by his appearance in the proceedings without
    objection.

On Reargument.  Former opinion and order of the court below affirmed.  For former opinion, see 95 N. Y. Supp. 260.

This is a reargument of an appeal from an order of the Schoharie County Court entered on the 14th day of February, 1905, refusing to set aside an order of said Schoharie County Court granted May 16, 1904, appointing commissioners to determine upon the necessity of proposed highway alterations in the town of Gilboa in said county, and also refusing to set aside the final order granted by said court September 3, 1904, confirming the decision of said commissioners.  The opinion of Mr. Justice Smith on the former argument of this appeal is reported in 107 App. Div. 514, 95 N. Y. Supp. 260, reference to which report is made for a detailed statement of the facts herein.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

COCHRANE, J.  The commissioners to determine upon the necessity of the proposed highway alterations were appointed at a term of the Schoharie County Court held in the village of Schoharie on the 16th day of May, 1904.  Section 83 of the highway law (Laws 1890, p. 1193, c. 568, as amended by Laws 1894, p. 611, c. 334, and Laws 1897, p. 259, c. 344, § 1) provides that five days' notice of the time and place of the application to the County Court for the appointment of such commissioners shall be given to the highway commissioner of the town.  Such notice was not given, but the highway commissioner, being apprised of the proposed application, appeared by counsel in the County Court without objection, and such appearance is recited in the said order granted on said 16th day of May, 1904.  It was held on the former argument that said order of May 16th was a valid order made by a court of competent jurisdiction, and that the notice of five days to the highway commissioner was waived by him by virtue of his appearance without objection.

The proposition that the highway commissioner waived the statutory notice of five days was stated by the court without discussion.  Neither did the proposition receive any consideration by counsel on the former argument.  The appellants now challenge the correctness of this proposition, and assert that the highway commissioner, being a public officer, could not waive the notice of five days required by the statute to be given.  This point is vital to this appeal, and as it was not discussed by court or counsel on the former argument a reargument of the appeal has been granted.

The appellants in support of their contention urge three cases, which

will now be considered. The first is People ex rel. Commissioner of Highways v. Connor, 46 Barb. 333. In that case referees appointed to determine an appeal from the determination of the highway commissioner had failed to take the statutory oath. The statute in that case in effect declared that until the referees were sworn they were incompetent. Without the oath, they had no jurisdiction to proceed in the discharge of their duties. Furthermore, such oath would have bound the consciences of the referees, and might have affected the result of their deliberations, and hence vitally and personally concerned every taxpayer in the town.

The next case is People ex rel. Stephens v. See, 29 Hun, 216. In that case a notice demanding that a jury be drawn had been given to the town clerk three days before the return thereof and to the highway commissioner one day before such return, under a statute which was held to require ten days' notice to the town clerk· and seven days' notice to the highway commissioner. Such notice was, of course, held to be insufficient. The court said:

"The question presented by the return to a writ of certiorari issued herein is what notice of dissatisfaction is required to be served upon a town clerk in cases where a reassessment is asked by a jury under chapter 455, p. 580, of the Laws of 1847."

Manifestly the highway commissioner could not waive notice which was required to be served on a town clerk. The court did not hold in that case that the highway commissioner could not waive notice intended only for himself.

The third case referred to is People ex rel. American Contracting & Dredging Company v. Wemple, 60 Hun, 225, 14 N. Y. Supp. 859. That was a proceeding to review an assessment of taxes made by the State Comptroller. What the court said in that case bearing on the question of waiver concerned two preliminary objections raised under a statutory provision requiring the proceeding in question to be brought within 30 days from a specified time, whereas it was claimed that the proceeding had not been brought within such time, and also requiring that the papers upon which motion for the writ was made, including notice of motion, should be served on the Comptroller at least 8 days before such motion. The case was not decided on the questions thus raised, but they were discussed by the court. It is very clear that the Comptroller in that case could not waive any proceeding the effect of which would be to permit or create a remedy which might adversely affect the people of the state. If the proceeding was not brought within the statutory time, it was barred, and no act of the Comptroller could revive the same. Nothing was decided in that case which sustains the claim of the appellants herein.

What has been said in reference to the cases above cited illustrates the principle underlying the proposition that public officers cannot in all cases waive statutory provisions, and also marks the distinction between those cases and the present. A person cannot waive a right which belongs to some other person. A public officer cannot waive that which may benefit or affect the public. He cannot, therefore, as held in the cases above cited, waive an oath of a referee when such oath affects the determination of the referee as to a matter of pub-

lic concern. He cannot waive a notice required to be given to another officer. He cannot waive a statutory provision, when the effect of such waiver would be to revive an action or proceeding affecting adversely the state or a subdivision thereof when the right to such action or proceeding would, except for such waiver, be lost by lapse of time.

Let us now consider the nature and purpose of the notice required to be given to the highway commissioner under section 83 of the highway law. Prior to the amendment of that section by chapter 334, p. 611, Laws 1894, no notice to the highway commissioner was required. The purpose of the amendment, of course, was to enable the commissioner to appear on the application and oppose or favor the same as he might deem proper. The notice, when served on him, is not required to be deposited or filed by him in any public office. He is not required to publish or disclose its contents to any other person. It is intended for him alone. When it reaches him, its mission has been fulfilled, its potentiality has been exhausted, and its vitality has expired. It does not touch the integrity of the subsequent proceedings or the result thereof, as did the referee's oath in the case above mentioned. It does not reach beyond the commissioner and thus enable or require some other person to take some step pertaining to the proceeding, as did the notice required to be served on the town clerk in the case above mentioned. It can influence the conduct of no one save the highway commissioner himself. The public, it is true, has a right to have the highway commissioner perform his duty, but, if that duty is performed, it is a matter of no consequence to the public or to any person, save the commissioner himself, whether he has performed such duty after a notice of five days or less. The commissioner appeared on this application and presumably discharged his duties in connection therewith. He did not waive notice of the application, as his appearance on the application demonstrates. All that he waived was the length of notice. This was a mere detail of practice personal to himself and of no materiality save to himself alone.

The correct rule is declared in People ex rel. Commissioner of Highways v. Connor, supra, as follows:

"The whole town had an interest in the proposed highway and had a right to require that the proceedings should in all material respects conform to the requirements of the statute."

So, also, in Merritt v. Village of Portchester, 71 N. Y. 312, 27 Am. Rep. 47, it is said:

"The statute must be strictly pursued and any departure in substance from the formula prescribed by law vitiates the proceedings."

This rule, although strict, has not in the present case been disregarded. The highway commissioner had notice and appeared on the application. The failure to give him as long notice as he might have claimed under the statute was not such a "material" deviation from the requirements of the statute, or such a "departure in substance from the formula prescribed by law," as to vitiate the proceeding.

The order should be affirmed, with $10 costs and disbursements. All concur.