Matter of the Application of LILLIAN C. NIEL to Alter a Highway in the Town of Harmony and the Assessment of Damages Therefor.

(County Court, Chautauqua County, July, 1907.)

Time — Fractions of days.

Highways — Establishment of highway by statutory proceedings — In general — Petition and notice — Sufficiency of notice.

> Notice served upon the afternoon of June sixth of an application to be made in the morning of June eleventh for the appointment of commissioners under section 84 of the Highway Law is five days' notice thereof within the meaning of the statute.

> Where highway commissioners, served with notice of application for the appointment of commissioners under section 84 of the Highway Law, fail to appear upon such application but afterward appear before the commissioners then appointed and oppose the opening of the highway, they thereby waive all irregularities in the appointment of the commissioners.

MOTION to vacate an order of the County Court of Chautauqua county appointing commissioners to lay out a highway.

Grant E. Niel, for petitioner.

George T. Armstrong, for highway commissioners.

OTTAWAY, J.   This is a motion to vacate an order made by the County Court of Chautauqua appointing commissioners to ascertain as to the necessity of the laying out of a certain highway in the town of Harmony and the abandonment of a certain other highway in the said town of Harmony, Chautauqua county, N. Y.   This motion is made by the highway commissioners of the town of Harmony.

Upon the argument two reasons were assigned why the order of the County Court should be vacated.   *First.* That full five days' notice was not given the commissioners of the

time and place of the application to the County Court for the appointment of three commissioners to determine · the necessity of the highway proposed to be laid out and the uselessness of the highway proposed to be discontinued. *Second.* That the petition presented to the County Court did not state the date that the applicant presented her application in writing to the commissioners of highways of the town of Harmony.

The affidavits disclose that the notices of the time and place of the application to the County Court for the order appointing the commissioners herein were served upon the commissioners upon the afternoon of the sixth day of June and were made returnable at eleven o'clock in the forenoon of June 11, 1907. The courts of this State long ago determined that in the service of process, notices or pleadings the law does not regard fractions of a day. This principle has been embodied in the Statutory Construction Law, section 27 providing: "A calendar day includes the time from midnight to midnight." It further provides: " In computing any specified number of days, weeks or months from a specified event the day upon which the event happened is deemed the day from which the reckoning is made. The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning."

The service in this proceeding was sufficient.

The affidavits in this case disclose that an application for the proposed alteration of highways in the town of Harmony was served upon the highway commissioners of the town of Harmony and that they were immediately asked if they would make the alteration; that each of the highway commissioners upon being asked this question refused to make the alteration; that thereupon each of said commissioners was served with the notice of the time and place of an application to the County Court for the appointment of commissioners herein. It appears that the petition omitted to state the time that the written application was presented to the highway commissioners of the town of Harmony, the date being left blank. It appears from the affidavits that the ap-

plication to the highway commissioners was, in fact, made just prior to the service of the notice of an application to the County Court herein. The highway commissioners failed to appear before the County Court upon the return of the notice, and commissioners were appointed upon motion of the petitioner's attorney. The commissioners so appointed fixed the time and place of hearing and entered upon the discharge of their duties as such commissioners. At the time and place of hearing, the highway commissioners appeared pursuant to the notice of such hearing; and, after viewing the premises, evidence was introduced by the petitioner in favor of the application herein, and by the highway commissioners and others in opposition thereto. The proceedings were adjourned from time to time, and are still pending. This motion is made during the pendency of the proceeding and before the completion of the hearing of the commissioners herein. Not determining the judgment of this court if this proposition had been presented upon the return of the notice at the time of the appointment of the commissioners, we think the highway commissioners of the town of Harmony have waived their rights to raise this objection at this time. They had knowledge of all the facts connected with the service of the papers herein; and, if they desired to avail themselves of any irregularity of practice, it was their duty as officers of the town of Harmony to make their objections at the earliest possible moment. They did not appear at the time and place designated, which was the proper place to raise this objection. After these commissioners had entered upon the discharge of their duties and entered upon the investigation of the subject-matter, they appeared in these proceedings and took part in the same. In this case there has been no departure in substance from the formula of practice prescribed by law. The highway commissioners fail to show any invasion of a substantial right. Under the doctrine laid down in Matter of Wood, 111 App. Div. 781, the commissioners of highways of the town of Harmony had the power to waive the irregularity complained of and by their acts have waived this irregularity.

The motion to vacate the order appointing the commis-

Supreme Court, July, 1907.     [Vol. 55.

sioners herein to determine as to the necessity of the proposed alterations, abandonment and laying out of certain highways in the town of Harmony is denied, with ten dollars costs to the petitioner.

Motion denied, with ten dollars costs.