### In re LAIDLAW et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1912.)

1. EMINENT DOMAIN (§ 167*)—PROCEEDINGS—COMPLIANCE WITH STATUTE.

Since a proceeding to lay out and extend a street and assess the benefitted property is in invitum, all material statutory provisions must be strictly complied with therein.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 451–456; Dec. Dig. § 167.*]

2. EMINENT DOMAIN (§ 174*)—EXTENDING STREETS—PROCEEDINGS—TIME FOR APPLICATION.

Highway Law (Consol. Laws 1909, c. 25) § 193, provides that an application to the County Court for an order appointing commissioners to determine the necessity of a proposed highway and assess damages for the improvement shall be made within 30 days after presenting the application to the town superintendent of highways. Though 43 days had elapsed after an application to extend a highway was presented to the town superintendent, without any application having been made to the County Court, applicants applied to him for a written admission of service of the application as of a date which would give the applicants time to apply to the County Court for an order appointing commissioners, etc., within the 30-day period specified by the statute, which admission the town superintendent signed. *Held*, that the town superintendent had no power to waive the provision requiring the application for an order appointing commissioners to be made within 30 days after presenting the application to him, so that the County Court had no power to make the order appointing commissioners because of failure to apply for it within time.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 475, 476; Dec. Dig. § 174.*]

Appeal from Suffolk County Court.

In the matter of the application of George Q. Laidlaw and Frank Rogers to lay out, alter, and extend Newport Avenue, a highway in the Town of Islip, and an assessment of damages therefor. From an order denying a motion to vacate certain orders appointing commissioners, etc., certain property owners appeal. Reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

W. K. Post, of New York City, for appellants.

George H. Furman, of Patchogue, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CARR, J.. On September 7, 1910, George Q. Laidlaw and Frank Rogers served upon Frank H. Call, town superintendent of highways, a written application, as provided by section 192 of the Highway Law (Consol. Laws 1909, c. 25), for the extension of a highway in the town of Islip, in Suffolk county. By section 193 of said statute it was provided that an application to the County Court for an order appointing commissioners to determine the necessity of the proposed highway and to assess damages for the improvement shall be made within 30 days "after presenting the application to the town superintendent" (of highways). No step was taken in the County Court within 30 days after the application had been presented to the town superintendent; but on October 20th—i. e., 43 days later—the attorneys for the applicants applied to the town superintendent for a formal written admission by him of service of the application as of October 20th, which admission was given, although no other application had been filed with him than that of September 7th. The town superintendent was informed at the time by the attorney for the applicants that the time in which the matter might be presented to the County Court on the service of September 7th had gone by, and that the purpose of an admission of service as of later date was to obviate this situation.

[1] The result of the town superintendent's admission of service as of October 20th, if within his power, was to revive the initial step in a proceeding which was dead through lapse of time. This proceeding takes property in invitum, and places the burden of assessment on property deemed to be benefited by the improvement. It is the settled rule of law that, under such circumstances, all material provisions of the statute must be complied with strictly. Matter of Wood, 111 App. Div. 781, 97 N. Y. Supp. 871; Merritt v. Village of Portchester, 71 N. Y. 309, 27 Am. Rep. 47; People ex rel. Commissioner of Highways v. Connor, 46 Barb. 333.

[2] Where the statute has provided that any application to the County Court must be made within 30 days after a specified event, such legislative determination as to a period of limitation must be deemed material, and there can be found in the statute in question no express power in the town superintendent to waive the provision which declares the limitation; and such power cannot be implied simply to confer a jurisdiction in the County Court which otherwise did not exist, for a compliance with sections 192 and 193 of the Highway Law were initial steps in the jurisdiction of the County Court to maintain the proceeding. Hence the subsequent order of that court, appointing the commissioners aforesaid, when challenged by the aggrieved property owners, should have been vacated, and the proceeding dismissed.

Order of the County Court of Suffolk County reversed, with $10 costs and disbursements, and motion to vacate order of said court appointing commissioners granted, with $10 costs. All concur.