■　In the Matter of RICHARD J. DERELLA et al., Appellants, v. TOWN BOARD OF THE TOWN OF CLARKSTOWN et al., Respondents.— In this proceeding to invalidate the 1971 sewer assessment roll of the Town of Clarkstown and for related relief, petitioners appeal from a judgment of the Supreme Court, Rockland County, entered April 29, 1971, which dismissed the petition and adjudged the sewer assessment lawful. Judgment reversed, on the law, without costs, and proceeding remitted to the Special Term for the making and entry of a judgment (a) declaring that the 1971 sewer assessment roll of the Town of Clarkstown is null and void for failure to comply with the requirements of section 202-a of the Town Law and (b) containing provisions to the following effect: (1) the respondent Town Board shall prepare and file with the Town Clerk of the Town of Clarkstown a new 1971 sewer assessment roll which, in addition to describing each lot or parcel of land together with the names of the owners thereof, shall show the aggregate dollar and cents amount of the assessment levied upon each such lot or parcel of land in accordance with the schedule of rates adopted by the Town Board on December 22, 1970, the amount to be raised in each sewer district not exceeding the amount approved and adopted by the Town Board on that date; (2) the Town Board shall hold a public hearing thereon in the manner and upon the notice prescribed by section 239 of the Town Law; (3) when the new 1971 sewer assessment roll shall have been adopted following such hearing it shall be filed forthwith in the office of the Town Clerk, and the respondent Town Supervisor shall deliver a copy thereof to the Legislature of Rockland County, which in turn shall levy the sum apportioned to and assessed upon each such lot or parcel of land and shall execute an appropriate collector's warrant and deliver the same to the respondent Receiver of Taxes for collection; and (4) in the event that the respondent Receiver of Taxes has collected from any taxpayer any 1971 special assessment or sewer charge (exclusive of the county's share of the sewer charge which the Receiver of Taxes has been directed to collect for and pay to the County Treasurer) in excess of the amout levied against his property pursuant to clause (3) above, such excess shall be refunded, together with interest.* The findings of fact are affirmed. The expense of establishing a town sewer district, of constructing a sewer system therein, and of its operation and maintenance is borne by local assessment upon the several lots and parcels of land which the

---

* Provision for a stay has been omitted since it appears from the argument at Special Term that the Receiver of Taxes has collected all of the 1971 sewer charges based on the defective assessment roll. This money has doubtless been paid over to the Town Supervisor and hence there is no need to stay the Receiver of Taxes from collecting or disbursing any excess over the amounts approved and adopted on December 22, 1970.

Town Board determines and specifies to be especially benefited by the improvement; and the Town Board must "apportion and asssess upon and collect from" the several lots and parcels so deemed benefited "so much upon and from each as shall be in just proportion to the amount of benefit which the improvement shall confer upon the same" (Town Law, § 202, subd. 2; see § 202-a, subd. 2). The Town Board is required (1) to assess annually the net amount of the estimate of expenditures in proportion to the benefit which each such lot or parcel of land will derive therefrom and (2) to prepare an assessment roll which, in addition to describing each such lot or parcel of land together with the names of the owners thereof, shall show "the aggregate amount of the assessment levied upon such lot or parcel of land" (see Town Law, § 202-a, subd. 4). In our opinion the last-quoted phrase does not mean the determination made by assessors of the value of real property; instead, it means a charge imposed on benefited real property in the same manner and at the same time as taxes for municipal purposes to defray the cost, including operation and maintenance, of a special district improvement (cf. Real Property Tax Law, § 102, subds. 2, 15, 16, 20). Here, the 1971 sewer assessment roll filed in the office of the Town Clerk on December 4, 1970 for the sewer districts in question was not extended, that is, it did not show the actual amount of the aggregate sewer assessment proposed to be levied on each parcel, but merely set forth the assessed valuation thereof. This is a substantial noncompliance with the statute and, as such, it renders the 1971 sewer assessment roll void and unenforceable (see *Merritt* v. *Village of Portchester*, 71 N. Y. 309, 311–312; cf. *Lyon* v. *Alley*, 130 U. S. 177, 189). The Town Board did not attempt to remedy the defect by filing a schedule of rates on December 4, 1970; nor could it have done so since, so far as the record indicates, no schedule of rates was adopted until the public hearing on December 22, 1970, at which time the assessment roll was adopted as filed and the Town Board approved and adopted the amount of the annual estimate of expenditures for sewer purposes. To remedy this defect, the respondent Town Board should prepare and file a new 1971 sewer assessment roll and, when it shall have been adopted after a public hearing, a copy thereof should be transmitted to the Legislature of Rockland County, which should thereupon levy the sum apportioned to and assessed upon each lot or parcel of land, as indicated on the new 1971 sewer assessment roll, and execute an appropriate collector's warrant and deliver it to the respondent Receiver of Taxes for collection. If any excess over the amount thus finally levied has been collected from any taxpayer, it should be refunded to him, together with interest. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.