"I shall and do control the proceeding by being ready to pay the judgment whenever it pleases me to do so, and I shall not pay it until it has served its full purpose, which is this: * * * To force Ramsdell [defendant] from time to time to give his testimony on point after point herein as same arise."

And further:

"I quite agree with Mr. Sears [of counsel for the· moving parties] that this proceeding 'is being used' to examine before trial parties, and witnesses, to use their testimony or admissions upon this trial."

Plaintiff thus freely admits that the primary object of these supplementary proceedings is not to discover property with which to satisfy the judgment upon which the proceedings were based, but rather to obtain evidence for use upon the trial of this action. Such is not the office of proceedings supplementary to execution.

These views are not in conflict with the authorities cited by appellant. Inasmuch as the plaintiff confesses that the proceedings are being continued to obtain evidence for use on the trial of this action, we think the defendants can properly move in this action to restrain further examination therein.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

(173 App. Div. 284)

### In re HIGHWAY IN TOWN OF ANDES.

### Appeal of BROTHERTON.

(Supreme Court, Appellate Division, Third Department. May 18, 1916.)

1. HIGHWAYS ⬤29(1)—ESTABLISHMENT — PROCEEDINGS — REQUISITES — APPROVAL OF TOWN BOARD.

The requirement of Highway Law (Consol. Laws, c. 25) § 192, as amended by Laws 1913, c. 472, that an application to open a highway be approved by a majority of the town board, is jurisdictional, and the property owner cannot apply for a highway and involve the town in expense without the board's consent.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 47; Dec. Dig. ⬤29(1).]

2. HIGHWAYS ⬤23—ESTABLISHMENT—RIGHTS OF PROPERTY OWNERS.

No person has the constitutional right to ask that a public highway be laid out at the expense of the town, but that right rests with public officials, and may be granted or withheld as the Legislature determines.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 31–34, 36; Dec. Dig. ⬤23.]

3. HIGHWAYS ⬤29(1)—ESTABLISHMENT—PROCEEDINGS—REQUISITES—WAIVER.

Since the requirement of Highway Law, § 192, as amended by Laws 1913, c. 472, that applications for opening highways at public expense have the approval of the majority of the town board, is for the protection of the town and the property owners, it cannot be waived by the board.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 47; Dec. Dig. ⬤29(1).]

Howard, J., dissenting.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Delaware County Court.

Application by George R. Fenton and another to lay out a highway, opposed by Chloe A. Brotherton, landowner. From an order confirming the report of condemnation commissioners, the opponent appeals. Reversed, and proceeding dismissed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Henry J. Williams, of Downsville, for appellant.

Barna Johnson, of Andes, for respondents.

JOHN M. KELLOGG, P. J. [1] Section 192 of the Highway Law, as amended by chapter 472 of the Laws of 1913, requires that the application "must be approved by the written consent, indorsed thereon or attached thereto, of a majority of the members of the town board." This requirement was not observed. The requirement is jurisdictional. Matter of Laidlaw, 153 App. Div. 343, 137 N. Y. Supp. 1076. Prior to the amendment any property owner might make the application. The amendment deprives the taxpayer of the right to apply for a highway and involve the town in expense, unless the town board consents to the application.

[2] No person has the constitutional right to ask that a public highway be laid out at the expense of the town. That right naturally rests with the public officials, and may be granted or withheld from the taxpayer as the Legislature determines.

[3] It is claimed that the town board waived this provision of the statute. The provision was made for the protection of the town and the property owners as well, and the town board could not waive it. Apparently it was willing at various times to approve of the proceedings upon certain conditions. The conditions, however, were refused, and it made no affirmative approval of the proceedings. Perhaps it did not actively oppose them.

The order should therefore be reversed, and the proceedings dismissed. Considering the manner in which the question was raised, no costs are allowed.

LYON, WOODWARD, and COCHRANE, JJ., concur. HOWARD, J., dissents.