In the Matter of the Application of Abraham Stein, Appellant, for a Peremptory Order of Mandamus against Thomas P. Flanagan, as Superintendent of Buildings of the Borough of Brooklyn, City of New York, Respondent.— Order reversed upon the law, with ten dollars costs and disbursements, and application for peremptory mandamus order granted, with fiifty dollars costs. In our opinion, upon the facts here presented, the Building Zone Resolution, section 4,* permits the use of premises located in a business district for a wet wash laundry. The resolution of the board of standards and appeals, expressing a contrary opinion, was invalid and of no effect to sustain the denial by the respondent of the certificate of occupancy applied for. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

In the Matter of the Application of Herbert M. Williams for a Mandamus Order, Respondent, against Michael F. Barrett, as Building Inspector of the Village of Mamaroneck, N. Y., Appellant. ██Order, in so far as it grants motion for an alternative mandamus order, affirmed, with ten dollars costs and disbursements. (Matter of Isenbarth v. Bartnett, 206 App. Div. 546; affd., 237 N. Y. 617.) Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Kapper, J., dissents, being of opinion that the remedy of the petitioner is by application for a variance upon the ground of practical difficulty or unnecessary hardship, and that an alternative mandamus order, if granted, substitutes a jury in lieu of the authorities appointed by the Legislature to establish zones under the Zoning Laws.

Kahn & Feldman, Inc., Respondent, v. Brooklyn Edison Company, Inc., Appellant.— Order modified by substituting Charles L. Harold for Matthew S. Sloan as the person to be examined, and by striking from the notice of examination paragraphs numbered 1, 2, 3, 9, 11, 12, 13, 19, 20, 21, 22 and 29, and as so modified affirmed, without costs. Examination to proceed on five days' notice at same place and hour. It appears affirmatively that Mr. Harold, defendant's general sales agent, is conversant with the matters concerning which plaintiff seeks to examine the defendant, having negotiated the contract here involved, and that Mr. Sloan, defendant's president, has no information regarding the matters. The rule and burden of proof are the same where a notice of examination is challenged by a motion to vacate or modify as it is upon an application for an order under section 292 of the Civil Practice Act, by which it would have been necessary for the plaintiff, under rule 122 of the Rules of Civil Practice, to present proof by affidavit that Mr. Sloan's testimony is material and necessary. We are further of opinion that the testimony of the defendant respecting the matters enumerated in the paragraphs of the notice stricken out are not material and necessary to the prosecution of the action. Lazansky, P. J., Young, Hagarty and Scudder, JJ., concur.; Carswell, J., concurs in result.

* See New York City Building Zone Resolution, § 4.— [Rep.