MAX FEINMAN, Respondent, v. ELKA RUBENSTEIN, Appellant.*— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

CATHERINE P. HAGGERTY, as Administratrix, etc., of FRANK S. HAGGERTY, Deceased, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, INC., and Others, Appellants.— Order granting a preference reversed on the law and the motion denied, without costs, on the ground that plaintiff has not shown a case of present destitution, with leave to plaintiff to renew the motion at or about the time her insurance payments terminate, if so advised. Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Scudder, J., not voting.

In the Matter of the Application of GEORGE M. ESTABROOK, Appellant, for an Order of Mandamus against W. TAYLOR CHAMBERLAIN, Mayor, ARTHUR W. BRIERLEY and Others, as Trustees, Constituting the Board of Trustees of the Village of Hempstead, Nassau County, New York, and Others, Respondents.— Order denying motion for a peremptory mandamus order unanimously affirmed, without costs, as a matter of law and not in the exercise of discretion. The attempt of the trustees of the village of Hempstead to adopt an amendment to the Village Zoning Ordinance, referred to as " Building Zone Ordinance of 1930," was void. Legal notice of the public meeting held on February 25, 1930, seems to have been given, but no notice, as required by section 178 of the Village Law, was given of the meeting held February 26, 1930, at which time the trustees attempted to adopt such ordinance. (See *Matter of Schierloh* v. *Wood*, 230 App. Div. 788.) The ordinance being void, appellant's application to the board of appeals was without effect. As no application for a permit was made to the board of trustees, no proceeding was pending. Hence, there is no ground for a mandamus order. Order denying motion for resettlement of order of November 15, 1932, affirmed, without costs. Appeal from order denying motion for reargument of motion for peremptory mandamus order dismissed. Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Davis, J., concurs on the ground that the right to a peremptory mandamus order is not clear. (*Matter of Eiss* v. *Summers*, 205 App. Div. 691, 696.)