HARRY A. MILANO et al., Plaintiffs, *v.* TOWN OF PATTERSON et al., Defendants.

Supreme Court, Putnam County, September 30, 1947.

*Joseph J. Ferone* for plaintiffs.

*Willis H. Ryder* for defendants.

FREDERICK P. CLOSE, Official Referee. This is an action brought to declare the zoning ordinance of the town of Patterson unconstitutional and void insofar as the property of the plaintiffs is concerned and to compel the building inspector of such town to issue a building permit to the plaintiffs.

The property involved consists of two lots designated as lots C 3030 and C 3031 on a map designated as Map C, Putnam Lake, Town of Patterson, Putnam County, New York. The original grantor restricted the property so that no building could be erected on less than two lots nor within fifteen feet of the street line. These lots have a combined street frontage of 23.62 feet, a rear width of 63.36 feet, a depth on the easterly side of 102.04 feet and a depth on the westerly side of 135.20 feet.

The developer conveyed the premises to one Siciliano in August, 1934. The zoning ordinance was adopted in 1942. It contained a provision to the effect that in this particular area no building should be erected on less than sixty-foot frontage. At that time there had been erected on each side of this property bungalows on less than sixty-foot frontage. It follows that if the ordinance is valid the plaintiffs can never erect a building on these two lots.

This subdivision consists of several hundred lots. All the lots except those with curved front lines are twenty feet in width. Lots 3030 and 3031 front upon a curve with the consequence that their combined frontage is only 23.62 feet.

In 1946 Siciliano, either in ignorance of the ordinance or in disregard thereof, started to erect a small bungalow on these lots. Its front line is sixty-nine feet from the street line. When the building was partially constructed he was notified that he was violating the ordinance and thereupon applied to the zoning board of appeals, which is authorized to grant variances, for a variation. His request was refused. Thereafter Siciliano conveyed the premises to these plaintiffs, to whom he was indebted for materials. They applied for a rehearing but it was refused and this action was brought.

The plaintiffs contend that the ordinance is void for various reasons: (a) that it was never validly published as required by section 269 of the Town Law, and (b) that it is void and unenforcible for the reason that it is unconstitutional.

Section 269 of the Town Law provides, in substance, that the ordinance must be published in a designated newspaper twice, once each week for two successive weeks, and posted in six public places for ten days, before it can become effective.

The ordinance (art. III, § 2) provides that the boundaries of the several districts provided for are to be as created and shown " on the map entitled ' Building Zone Map of the Town of Patterson ' which accompanies this ordinance and is hereby declared to be a part thereof ". No map was ever published, although the rest of the ordinance was properly published and posted. Article III of the ordinance divides the town into three districts. " A " District is described as all that portion of the Town of Patterson not included in " B " or " C " Districts. " B " District consists of the " Area Known as Putnam Lake as shown on the map of Putnam Lake Development and Irish Hill development as filed with the Clerk of the County of Putnam, excepting so much thereof as is specifically designated as ' C ' District ". " C " District consists of certain specified areas and certain numbered lots presumably on Map of Putnam Lake and Irish Hill, but the description is vague and inconclusive.

The ordinance is penal in its nature and provides a penalty of $50 fine or six months' imprisonment for any violation.

I have reached the conclusion that the ordinance is void. The publication was defective and incomplete. By the language used the zoning map was made a part of the zoning ordinance. This map was never published, hence section 269 of the Town Law was not complied with. This failure renders the ordinance void (*Matter of Schierloh* v. *Wood,* 230 App. Div. 788; *Matter of Estabrook* v. *Chamberlain,* 240 App. Div. 899).

It is a trite observation to say that zoning ordinances are in derogation of an owner's rights under the common law. Such being the case it follows that the procedure laid down by the Legislature in exercise of the police power must be strictly construed and strictly followed (*Merritt* v. *Village of Portchester,* 71 N. Y. 309).

Any citizen reading this ordinance would be compelled to travel to the County Clerk's office and there assume the risk that he could rely upon the inspection of two maps so vaguely described in the ordinance that neither the full description of the maps nor the date of their filing is stated. A penal ordinance must be complete in itself, this one is not. The plaintiffs also contend that the ordinance is void for the reason that it permanently restrains the plaintiffs from making any use of their property.

This entire area was originally designed to be a summer bungalow property. This particular tract was mapped and sold through a metropolitan newspaper. All the purchasers were

given certain rights to a small lake bordering the property. In construing a zoning ordinance, consideration should be given to the purpose for which the ordinance was adopted. However, I have come to the conclusion that this ordinance permanently so restricts the use of the plaintiffs' property that it must be recognized as a taking of the property without compensation. Indeed it is somewhat worse, in that under certain circumstances, it leaves the owners in a position where they can make no use of the property though they may be personally liable for the taxes thereon. The fact that the board of appeals is authorized to grant relief so that some use can be made does not alter the situation (*Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222; *Matter of Stein* v. *Flanagan*, 228 App. Div. 668; *Matter of Otto* v. *Steinhilber*, 282 N. Y. 71; *Matter of Nectow* v. *City of Cambridge*, 277 U. S. 183).

The plaintiffs are granted the relief sought, without costs. Submit judgment on notice.