Colden, J.
This is a proceeding under article 78 of the Civil Practice Act for an order in the nature of prohibition restraining the Court of Special Sessions of the Town of Huntington, County of Suffolk, State of New York, and the Justice thereof individually, from exercising jurisdiction over, hearing and determining a charge against petitioner for certain alleged violations of the building code ordinance of the Town of Huntington, upon the ground that they lacked jurisdiction to do so because of the invalidity of the ordinance and defects in the information.
The material facts underlying this proceeding are not in dispute. They were stipulated to on the record. From July, 1952, through January, 1953, petitioner constructed homes in the town of Huntington, Suffolk County, New York, five of which were built pursuant to building permits issued therefor. Thereafter and during the month of November, 1952, through January, 1953, these five homes were completed and certificates of completion and of occupancy duly issued therefor. These homes were sold and titles thereto were transferred for more than a year prior to June, 1954.
*344 On or about May 27, 1954, petitioner received a copy of an information made by one Robert Hudson charging it with the commission of a misdemeanor on or before April 30, 1953, in allegedly violating certain articles of the town building code ordinance. On or about June 18, 1954, petitioner’s attorneys received from the town attorney an amended information alleging that Robert Hudson was the “ Superintendent of Building of the Town of Huntington. ’ ’
On or about June 22, 1954, petitioner’s attorneys received a second amended information wherein said Robert Hudson was referred to as “ Building Inspector of the Town of Huntington. ’ ’
The following sequence of events led to the enactment of the building code ordinance which petitioner allegedly violated. At a special meeting of the town board of the Town of Huntington held on June 29, 1944, it was: “ Resolved that a public hearing of the suggested new Building Code be called for July 24, 1944, at eight p.m. at the Huntington Hotel in Huntington; and on request of Judge Hahu, that Henry B. Raymore, Secretary of the Huntington Planning Board, be requested to prepare a notice covering the incidental features of the ordinance as required in publication and submit it to Town Counsel Meyer for approval. And be it further resolved that the clerk be authorized to publish the notice in two issues of the Long Islander and the Northport Observer.”
Thereafter a notice of public hearing to be held on July 24, 1944, was published in two issues of the Long Islander commencing on July 13, 1944. At such public hearing, suggestions made by interested persons with respect to provisions in the proposed code were taken under advisement by the town board which closed the hearing without any final action thereon by the town board. Its minutes of September 24, 1944, however, contain the following: “ Chairman Knell of the Building Code Ordinance submitted the completed new ordinance as compiled by an excellent committee, involving many hours of time and effort. Mr. Knell also acknowledged the help and guidance of committees and individuals who attended meetings, which facilitated the work in the adjustment of many difficulties, also to the drafting of the code by Henry B. Raymore. Mr. Knell said a qualified engineer would be appointed to enforce the provisions of the code. The following resolution was offered by Justice Knell, seconded by Justice Rembaugh: Resolved that the Building Code Ordinance as hereby submitted be approved by the Town Board as of September 25,1944; and further resolved *345 that Chairman Knell be and hereby is authorized to have the Building Code printed in book form and published as required by law, and the new code will become effective as of January 1, 1945/ ” It is agreed that nothing else with reference to the new building code appears in the minutes of either the town board or the town clerk except amendments in subsequent years which were entered in full in said minutes.
On November 23, 1944, this new building code ordinance (set out in full in the recompiled and reprinted August, 1950, edition of the building code of the town of Huntington) was published in the Long Islander, a newspaper printed and published weekly in Huntington. The publisher’s affidavit of publication, however, was not executed until December 7,1948. On December 17,1948, the town clerk of the town of Huntington executed an affidavit that on the 16th day of December, 1948, ‘ ‘ he conspicuously posted * * * printed copies of the Building Code of the Town of Huntington as adopted by the Town Board on - 1944 and as published in the Long-Islander on November 23, 1944, copy of which is hereto annexed ” at the following places: Town Hall, Huntington, New York, Town Hall Annex, Huntington, New York, and Post Office, Huntington Station, New York.
The invalidity of the 1944 building code ordinance is predicated largely upon the conceded failure of the town clerk to enter its provisions in the minutes of the town board. Section 133 of the Town Law, as it existed prior to its amendment in 1951 (L. 1951, ch. 647, § 1, effi. April 9, 1951) read as follows: “ Every ordinance hereafter adopted or approved by the town board of a town to which the provisions of this article are applicable, shall be entered in its minutes and published in the official paper of the town once and a printed copy thereof posted conspicuously in at least three public places in the town for at least ten days before the same shall take effect, and an affidavit of the publication and posting thereof shall be filed with the town clerk. But such ordinance shall take effect from the date of its service as against a person served personally with a copy thereof, certified by the town clerk under the corporate seal of the town; and showing the date of its passage and entry in the minutes.”
The respondents contend that only the publication and posting of a copy of the new building code ordinance were mandatory under the statute, not its entry in the minutes of the town board. The court cannot agree with this contention. Zoning ordinances are in derogation of an owner’s right under the *346 common law. Accordingly, the procedure for their adoption laid down by the Legislature in the exercise of its police power must be strictly construed and strictly followed. (Merritt v. Village of Portchester, 71 N. Y. 309; Milano v. Town of Patterson, 197 Misc. 457.)
It seems clear from the language of the statute in effect when the new ordinance was adopted that except where there was personal service of a certified copy thereof “ showing the date of its passage and entry in the minutes ” of the town board, it could not become effective until it was: (1) “ entered in its minutes and ” (2) “ published in the official paper of the town once and ” (3) “a printed copy thereof posted conspicuously in at least three public place in the town for at least ten days ’ ’. Compliance with all three requirements was equally necessary for purposes of the validity of the ordinance and it may not be said that one of such requirements — the entry of the ordinance in the minutes of the town board — was merely directory. The town clerk was expressly required to enter a copy of such ordinance immediately after its adoption, or as soon as it was reasonably possible, for subdivision 1 of section 30 of the Town Law provided: “ Immediately after adoption he shall enter into a book to be known as the ‘ ordinance book ’ a copy of every ordinance adopted by the town board, specifying the date of adoption thereof.” That was never done here either immediately after the ordinance was adopted, within a reasonable time thereof, or at any time.
The only copy of the ordinance found in the ordinance book is a photostatic copy made within two weeks of the hearing held on September 26, 1955, of the newspaper publication of such ordinance on November 23, 1944, a copy of which was annexed to the affidavit of posting executed by the then town clerk on December 17, 1948, as having been adopted by the town board on a blank day in 1944. There was no evidence that the original, or any copy of this ordinance, was in the ordinance book before 1948. It was contended, however, that at an earlier date an original copy of the newspaper publication was in the ordinance book and somehow misplaced and, consequently, the recently obtained photostatic copy was inserted. In other words, no original authoritative building code ordinance, adopted in 1944, exists either in the minutes of the town board or elsewhere to enable a comparison to be made. The mere recital of such ordinance in the resolution without spreading it at length in the minutes of the town board’s meeting of September 24, 1944, is hardly compliance with either section 30 or section 133 of *347 the Town Law in effect when the ordinance is claimed to have been adopted. Neither such recital nor the copy posted more than four years after adoption furnishes authoritative wording of the ordinance, the violation of which constitutes the misdemeanor charged in the information. There simply does not exist any authoritative copy of the ordinance with which that preferred can be compared with certainty as to its authenticity. Under our system of justice such a state of facts can hardly be the basis for a criminal prosecution.
This conclusion renders it unnecessary to pass upon the additional defects in the information claimed by petitioner.
An order, as prayed for in the petition, will accordingly issue.
Submit order on two days’ notice.