J. Kenneth Servé, J.
The plaintiff instituted this action to recover a civil penalty from the defendants for a violation of the Town of Clarendon House Trailer Ordinance as amended. The action was tried before the court without a jury.
The Town of Clarendon House Trailer Ordinance was enacted in 1958. In 1962 the Town Board of the Town of Clarendon adopted certain amendments to the House Trailer Ordinance.
*663 It is the claim of the plaintiff that the defendants violated the provisions of section VIII of the House Trailer Ordinance as amended and thereby became liable for the penalty provided for in the ordinance. The defendants deny liability because they contend the ordinance adopted by the Town Board in February, 1962, which embodied the amendments, was not enacted in accordance with the provisions of the Town Law, and consequently was void and of no effect. The defendants assert that the invalidity arises out of the failure of the plaintiff to publish and post the amending ordinance in accordance with the provisions of section 133 of the Town Law. On the trial, the attorney for the defendants stated that no claim was made that the original 1958 House Trailer Ordinance was invalid, but the attack was made solely upon the 1962 ordinance which contained the amendments.
It is uncontradicted that the defendants own a lot in Clarendon, and that this lot is outside of a duly authorized trailer park or camp. Since January 1,1963, the defendants have placed, maintained and parked a house trailer upon said lot. The plaintiff claims that the parking and maintaining of the house trailer by the defendants on their lot constitutes a continual violation of section VIII of the amended House Trailer Ordinance.
On January 29, 1962, a public hearing was held at the plaintiff’s Town Hall to consider proposed amendments to the House Trailer Ordinance. The published notice of hearing for the hearing which was held on January 29, 1962, set forth in detail the proposed amendments. For the purposes of this case, it is necessary to consider the proposed amendments designated Nos. 1, 3 and 5 in the notice of public hearing, and said proposed amendments are set forth as follows:
‘ ‘ PROPOSED AMENDMENT NO. 1
“ 1. To amend the second and third sentences of Section VI of said ordinance as follows: ‘ Such application shall be accompanied by a fee of Ten Dollars, ($10.00), which said amount is hereby determined to be the first year fee for such individual house trailer license, which license shall be renewable on the anniversary date thereof for additional one year periods for an annual renewal fee of Five Dollars, $(5.00), subject to inspection of the premises by the Town Clerk to determine whether or not the premises and the trailer comply with the provisions of this ordinance. In the event that a license is not issued, the application fee shall be retained by the Town to cover the cost of processing the application.’ ”
*664 11 PROPOSED amendment no. 3
“ 3. To delete Section VI from said ordinance.”
# * *
‘ ‘ PROPOSED AMENDMENT NO. 5
“5. To amend Section VIII of said ordinance to read as follows: ‘ No house trailer is hereafter to be placed, set, located, kept, maintained or parked in said Town of Clarendon, outside of a duly authorized house trailer park or camp as defined herein, excepting that an owner of real property may permit not more than one such house trailer to be parked or located upon his land for a period not exceeding 72 hours in any calendar month, providing that such house trailer is located at least 15 feet away from any existing building, structure or vehicle.’”
Following the public hearing, a meeting of the Town Board was held on February 7, 1962. The Town Clerk’s minutes of that meeting contain a resolution as to the adoption of the amendments to the House Trailer Ordinance. This resolution, as recorded by the Town Clerk in his minutes, reads as follows: ‘ ‘ Moved by Councilman Maxon and seconded by Justice Keople that the amendments to the Clarendon House Trailer Ordinance be adopted exactly as advertised in the notice of Public Hearing for January 29, 1962. And furthermore, these amendments shall become effective 10 days after publication of adoption in the Holley Standard in accordance with law. Such publication presumably will be on February 15, 1962.
“ Carried unanimously after roll call.”
There was stapled to the minutes of February 7, 1962 meeting of the Town Board a single sheet of paper upon which was typewritten a resolution, and the same is couched in the following language :
‘‘ RESOLUTION ADOPTING AMENDMENTS TO HOUSE TRAILER ORDINANCE
“ Councilman Maxon moved the adoption of the following resolution; Justice of the Peace Keople seconded the motion:
“ whereas, this Town Board has heretofore given consideration to the adoption of certain amendments to the House Trailer Ordinance of the Town of Clarendon, and such amendments are before this Town Board, and the Town Board did heretofore call and hold a public hearing at the Town Hall in said Town on the 29th day of January, 1962 at 8:00 o’clock p.m. on notice as prescribed by the Town Law, and at which public hearing there were 208 persons present; and
*665 ‘ ‘ whereas, the said public hearing was duly concluded and adjourned and it is the determination of this Town Board that the adoption of such amendments is in the best interests of the inhabitants and property owners of the Town of Clarendon and should be adopted;
11 now, therefore, be it resolved, that the proposed amendments to the House Trailer Ordinance of the Town of Clarendon as heretofore presented and now before this Town Board and on filing with the Town Clerk be, and the same hereby are, in all respects, duly adopted as an amendment to said House Trailer Ordinance; and be it
‘ ‘ further resolved that the Town Clerk forthwith take the necessary steps to publish this Ordinance as prescribed by the Town Law of the State of New York, publication thereof to be in The Holley Standard, a newspaper published at Holley, New York and having a general circulation within the Town of Clarendon.
“ Upon being put to a vote, the resolution was unanimously adopted. ’ ’
There was also stapled to the Clerk’s minutes of the February 7, 1962 meeting a printed notice entitled as follows:
“ NOTICE OF ADOPTION OF AMENDMENTS TO HOUSE TRAILER ORDINANCE OF THE TOWN OF CLARENDON, ORLEANS COUNTY, NEW YORK.”
This notice of adoption of amendments was published February 15, 1962 in a newspaper known as the Holley Standard, at Holley, New York. A printed copy of the notice of adoption of amendments to the House Trailer Ordinance was posted on the sign board maintained by the Town Clerk. The copy of the notice of adoption of amendments which were attached to the minutes and posted on the sign board respectively were cut out of the Holley Standard newspaper subsequent to the publication of that notice.
The amendments to the House Trailer Ordinance which were set forth in the notice of adoption as published in the Holley Standard are not the same as the proposed amendments which were set forth in the notice of public hearing that was published in the Holley Standard on January 18, 1962, for the public hearing to be held on January 29, 1962. In the notice of public hearing as published it was proposed that the second and third sentences of section VI of the House Trailer Ordinance were to be amended, and the amendment to such sentences was set forth in explicit language. The published notice of adoption of the amendments did not contain any specific language to *666 amend the second and third sentences in section VI. The only reference to section VI in the notice of adoption of amendments was that “ § VI of the ordinance is deleted ”.
Section 133 of the Town Law requires that every ordinance and every amendment to an ordinance adopted by the Town Board shall be entered in its minutes and published in a newspaper published in the town, if any, or in such newspaper published in the county in which such town may be located, having a circulation in such town, as the Town Board may designate, once, and a printed copy thereof posted on the sign board maintained by the Town Clerk.
The ordinance, which amended the House Trailer Ordinance, was not set forth in the Clerk’s minutes of the February 7, 1962 meeting of the Town Board. In an effort to comply with the statutory mandate to enter the ordinance in the minutes of the meeting, there was stapled to such minutes a copy of the notice of the adoption of the amending ordinance, and the copy so stapled had been cut out of the Holley newspaper, which published such notice on February 15, 1962. However, the stapled notice was a copy, and the printed certification of the Clerk thereon said it was a true copy of the amendments to the House Trailer Ordinance. Nowhere in the Clerk’s minutes can the original amending ordinance be found. It is impossible to determine the accuracy of the copy by comparing the same with the original amending ordinance.
The typewritten copy of the resolution, which was also stapled to the Clerk’s minutes for the meeting of February 7, 1962, did not set forth in specific language what amendments were being adopted. It stated “ that the proposed amendments to the House Trailer Ordinance of the Town of Clarendon as heretofore presented and now before this Town Board * * * be and the same hereby are in all respects duly adopted as an amendment to said House Trailer Ordinance ”. It cannot be said with certainty that the quoted language of this resolution did not include all the proposed amendments as set forth in the published notice of public hearing.
To determine what the Town Board did at its February 7, 1962, meeting as to the adoption of the amending ordinance, it is necessary to closely examine the minutes of that meeting. In the Clerk’s minutes it is stated “ that the amendments to the Clarendon House Trailer Ordinance be adopted exactly as advertised in the Notice of Piiblic Hearing for January 29, 1962 ”. (Emphasis supplied.) Upon the trial, the Clerk testified that his usual practice in taking minutes of the proceedings at a Town Board meeting is to read back to the members of *667 the Town Board prior to adjournment the minutes that he has made and to have the same approved by the board members. This being so, the Town Board members must have been informed that the amending ordinance adopted by the board described and identified the amendments as those which were published in the notice of public hearing.
If the unambiguous language of the Clerk’s minutes is given its ordinary and plain meaning, it is clear that there is a variance between the amending ordinance as adopted by the Town Board and as the amending ordinance was set forth in the notice of adoption which was published in the Holley Standard on February 15, 1962. The plaintiff says such variance is without substance because the notice of the public hearing, in addition to proposing an amendment to amend the second and third sentences of section'YI, also contained a proposed amendment to delete section YI in its entirety. However, if the Town Board adopted the ordinance which contained inconsistencies, then such ordinance, with its inconsistencies, must be entered in the Clerk’s minutes and published and posted. If it is deemed advisable to strike out the inconsistencies then, to accomplish this objective, the Town Board must amend the ordinance in accordance with the requirements of the Town Law.
The terms of the amending ordinance, and particularly section YIII thereof, curtailed and limited the defendants’ use of their property. The ordinance was in derogation of their rights as owners under the common law. The Legislature has permitted a town, in the exercise of police power, to enact a House Trailer Ordinance. However, to enact such an ordinance, the procedure outlined by the Legislature must be strictly construed and strictly followed. (Merritt v. Village of Portchester, 71 N. Y. 309; Milano v. Town of Patterson, 197 Misc. 457; Matter of Huntington v. Court of Special Sessions, 1 Misc 2d 342.) An ordinance which is not published or posted as required by the provisions of section 133 of the Town Law is not effective. (Deligtisch v. Town of Greenburgh, 135 N. Y. S. 2d 220; City of New Rochelle v. Echo Bay Waterfront Corp., 268 App. Div. 182; Milano v. Town of Patterson, supra; Village of Williston Park v. Israel, 191 Misc. 6; Matter of Pressel v. Ferris, 148 Misc. 910; Shaw v. New York Cent. & Hudson Riv. R. R. Co., 85 App. Div. 137.)
The Clerk’s minutes of the February 7, 1962 meeting of the Town Board are unmistakable in their meaning and effect. This court does hereby find that the Town Board did adopt as amendments to the Clarendon House Trailer Ordinance, the same amendments as were set forth in the notice of public *668 hearing, which was published in the Holley Standard for the hearing to be held on January 29, 1962. The amendments so adopted did include the amendment to the second and third sentences of section VI of the House Trailer Ordinance. This court does hereby further find that the amending ordinance so adopted at the February 7, 1962 meeting was not published and posted as required by statute. The notice of adoption, which was published and posted, did not contain that part of the amending ordinance which amended the second and third sentences of section VI of the House Trailer Ordinance.
From the foregoing, the court concludes the amending ordinance of February 7, 1962, was not duly published and posted as required by section 133 of the Town Law, and therefore the amending ordinance of February 7, 1962, is ineffective.
The defendants’ motions to dismiss the plaintiff’s complaint and for judgment are hereby granted. Plaintiff’s motion for judgment, as demanded in the complaint, is hereby denied.