William W. Serra, J.
The plaintiff has brought this action for an injunction against certain landfill dumping operations allegedly conducted by the defendants. In connection with the action, a temporary stay has been granted against the defendants’ operations which the plaintiff seeks to continue on motion pursuant to an order to show cause. In opposition to the motion, the defendant Penfold in his affidavit sets forth that the ordinance upon which the plaintiff seeks relief is improperly enacted and void.
The parties, for the purposes of the motions, have stipulated certain facts on the issue of the legality of the ordinance. The defendant, Penfold, on October 14,1968, at a Town Board meeting applied to the Town of Almond for a license to operate his landfill. At this time, enactment of the ordinance was in process but not completed, having become final, if valid, on November 4, 1968. The Town of Almond is in Allegany County and the notices required by the Town Law for the enactment of ordinances were published in the Hornell Tribune, a daily newspaper published in the City of Hornell, in Steuben County. The partic-. ular issue decisive of the question is whether such publication *781 satisfies the requirements of section 133 of the Town Law, or whether, if it complies with subdivision 11 of section 64 of the Town Law, and not with section 133, such publication is sufficient publication to satisfy the requirements of the Town Law necessary to validate the ordinance. The Town Board at an earlier date had designated the Hornell Tribune as the “ official newspaper ’ ’ of the town. It is stipulated that the Town of Almond had no newspaper published within its boundaries at the time of the enactment of the ordinance. The Alfred Sun, a weekly newspaper published in the adjacent Town of Alfred, has 48 copies circulated by mail in the Town of Almond. The Alfred post office is within five miles of the Town of Almond, of which the court takes judicial notice. The Wellsville Reporter, a daily newspaper, and the only other paper published in the County of Allegany known to have a circulation in the county, has a mail circulation of eight daily copies in the Town of Almond. The Hornell Tribune has a mail and delivery circulation of 260 copies in the township daily.
■Section 133 of the Town Law, insofar as it applies to publication of an ordinance, provides as follows: ‘1 and published in a newspaper published in the town, if any, or in such newspaper published in the county in which such town may be located having a circulation in such town as the town board may designate ”. Clearly the publication of this ordinance does not comply with the language of section 133. It is urged, however, that subdivision 11 of section 64 of the Town Law enlarges the manner of publication and that section 133, therefore, is not limiting. To support this argument, reference is made to the words in subdivision 11 which read as follows: “ If no official paper has been designated, the town board may authorize the publication of a notice, resolution or ordinance in any newspaper which could be designated as the official newspaper of the town or, if there be no newspaper which is regularly published in the town and entered as second class mail matter, the town board may authorize such publication in any newspaper published and having general circulation in the town.”
It has been held in connection with the enactment of ordinances that section 133, requiring the publication of an ordinance, must be complied with to validate an ordinance. (Milano v. Town of Patterson, 197 Misc. 457; Matter of Pressel v. Ferris, 148 Misc. 910; Town of Clarendon v. Jary, 41 Misc 2d 662; Cohn v. Town of Cazenovia, 42 Misc 2d 218.) None of these cases deal -with the interrelation of the above two sections of the Town Law where publication has involved a choice of newspapers. The Court of Appeals has, however, at an early date, set forth a *782 rule of strict construction affecting property rights under police powers. (Merritt v. Village of Portchester, 71 N. Y. 309.) In construing the question of whether section 133 must be literally construed, or whether subdivision 11 of section 64 is a conflicting and superseding statute, it is interesting to note that the Town Law in its application to questions of notice and publication applies different rules to different circumstances. It is provided, for example, that certain notices to be published in connection with district improvements must be published in the “ official ” newspaper. Such notices are provided for in section 199, section 200 and section 202-c (subds. 1, 2) of the Town Law. Under section 82 of the Town Law, election notices must be published in a paper published in the town, or, if none, they must be published in a newspaper in the county having a general circulation in the town. Fire district purchases under subdivision 23-a of section 176 must be published in accordance with the provisions of section 103 of the General Municipal Law which requires an advertisement in the “ official ” newspaper or newspapers, if any, and otherwise in a newspaper designated for such purposes. Section 184-a of the Town Law in connection with water supply bids requires publishing in at least one newspaper having a general circulation in the district or unprotected area. Notices concerning district improvements under section 202-a and assessment rolls under section 239 of the Town Law must be published within the town, or, if none be published in the town, then in a newspaper published in the county and having a circulation within the town. The notices for hearings on an ordinance, as distinguished from publication of the ordinance, are required by section 130 of the Town Law to be published in a newspaper circulated within the town. Sections 50-a and 54 of the Town Law with regard to suburban towns specifies notices shall be published in a newspaper designated pursuant to subdivision 11 of section 64 of the Town Law. Finally, section 265 with regard to zoning ordinance changes, requires that the notice be published in a newspaper published in the town, if any, or in such newspaper published in the county in which such town may be located having a circulation in the town as the town board may designate.
From a reading of all these diverse sections, it can only be considered that the Legislature has intended that particular notices must have, over and above the requirement of subdivision 11 of section 64 of the Town Law, certain particular methods of publication and that the designation of official newspapers for such particular purposes must at least meet the *783 requirements of these specified sections. Any other interpretation would have the effect of vitiating entirely the specific requirements of all of these diverse sections set forth by the Legislature. It certainly cannot be considered that the legislative action on these specific items was intended to be frivolous.
Subdivision 11 of section 64 itself, moreover, seems to contemplate that official designations may be made for more than one purpose. In the last sentence it is provided, “ Additional newspapers published in the English language may be designated for the publication of such notices, resolutions and ordinances at the option of the town board”. It would appear, then, that the intention of the Legislature is that where a specific procedure is set forth for publication, it must first be used before resorting to the “ official newspaper ” designation, although this does not prevent the designation of an “ official ” newspaper, generally, under subdivision 11 of section 64 and additional “official” newspapers where appropriate, meeting the requirements of both sections.
The court finds that the Alfred Sim is such a paper as meets the requirements of section 133 of the Town Law, and that a failure to use such paper before designating a newspaper which does not meet this statutory requirement except as a lower priority under subdivision 11 of section 64 is not proper. This is so, despite the fact that the newspaper actually employed has a larger circulation in the township, the question being not one of circulation under the circumstances of the particular community, but of statutory requirement established by the Legislature, deemed, in its wisdom as fairest for a uniform rule throughout the State. The ordinance is not, therefore, properly enacted and is without force or effect. See, also, for discussion of related matters on interpretation of section 133, Opinions State Comptroller (9 Opn. St. Comp., 1953, p. 110; 20 Opn. St. Comp., 1964, p. 543).
The motion for temporary injunction is denied, the stay imposed during the pendency of the motion is vacated.