■ NORTHERN OPERATING CORP., Respondent-Appellant, v. TOWN OF RAMAPO et al., Appellants-Respondents, et al., Defendant.— In an action for a declaratory judgment, (1) plaintiff and defendants other than the Village of Pomona cross appeal from an order of the Supreme Court, Rockland County, dated February 10, 1968, as follows: as limited by their respective briefs, plaintiff's appeal is from so much of the order as denied its motion for summary judgment on the first cause of action, and said defendants' appeal is from the portion of the order which denied their cross application for summary judgment on the first two causes of action; and (2) said defendants also appeal from two further orders of said court, dated March 18, 1968 and March 26, 1968, respectively, which successively set the case down for trial for a day certain. Order dated February 10, 1968 reversed insofar as appealed from by plaintiff, on the law; in accordance, the first ordering paragraph thereof is amended so as to limit the denial of plaintiff's motion to the second cause of action and to grant its motion as to the first cause of action; said order is affirmed insofar as appealed from by the appealing defendants; orders dated March 18, 1968 and March 26, 1968 affirmed; case remanded to the court below for entry of an appropriate order and judgment in pursuance of this determination and for further proceedings not inconsistent herewith; and one bill of $10 costs and disbursements is granted to plaintiff against said defendants. In our opinion, there were no issues of fact requiring a trial with respect to the first cause of action, which sought a judgment declaring the Town of Ramapo Comprehensive Building Zone Ordinance of 1966 void. Defendants-appellants concede that, although the amended zoning ordinance was referred to in the minutes of the appellant Town Board and a copy kept in a separate folder in the Town Clerk's office, it was not spread at length in the same minutes and a copy was not attached to the minute book, until some 10½ months after its adoption, publication and posting. In our view the amended ordinance, not entered immediately after it was adopted or within a reasonable time thereafter, must be declared void as being invalidly enacted

(see Town Law, § 30, subd. 1; § 264; *Matter of Huntington* v. *Court of Special Sessions,* 1 Misc 2d 342). Plaintiff properly instituted this action for declaratory judgment (*Dowsey* v. *Village of Kensington,* 257 N. Y. 221). With respect to the first cause of action, whether or not plaintiff properly filed plans with the Town Planning Board in accordance with the July 24, 1967 decision in a previous litigation, a proceeding pursuant to article 78 of the CPLR, is immaterial. There is no requirement that administrative remedies be exhausted where the legality of a statute is in question (*Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198). Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.